WM. J. RUSSEL, plaintiff in error, *vs.* EUSEBIUS SLATON, defendant in error.

1. When a bill was filed, to enjoin a writ of possession in an ejectment case, after the judgment therein had been affirmed by the Supreme Court, alleging that the Supreme Court had, in its judgment, mistaken or overlooked material facts in the record.
*Held*, that the bill was properly dismissed on demurrer.
2. The judgment of the Supreme Court in a case, is a judgment *affirming* or *reversing* the judgment below, and is final and conclusive between the parties on the matters involved in that trial. The opinion of the Court, on the law of the case, does not stand on the same footing, and may be overruled, after argument, if shewn to be erroneous, even if unanimous.

Equity.  Demurrer.  Decided by Judge Collier.  Fayette Superior Court,  March Term, 1868.

Russel filed a bill, making the following averments: On the 6th of October, 1835, John T. Davis bought land-lot No. 120, 7th District, Fayette county, at sheriff's sale, as the property of James McCarcell, the drawer, before the grant for the same had issued from the State, and under said sale took immediate possession. The grant issued, and afterwards, on the 7th of February, 1837, it was again sold by the sheriff, as the property of said drawer, and Davis bought it again, and paid the purchase money, but took no deed from the sheriff. Davis remained continuously in possession till the last of 1844 or first of 1845. About the 1st of October, 1838, said Davis and another owed Case & Stratton $1,500 00 and gave them their note for that sum. Upon the unpaid part of this note a judgment was obtained, on the 1st of December, 1847, in favor of T. M. Jones, a nominal plaintiff.

Russel bought said *fi. fa.*, taking a transfer from Jones, and from Case, for his firm, and levied on said lot as the property of Davis, who was in possession. Slaton filed a claim to the land ; it was tried, and the land was found subject to said *fi. fa.*, and, under it, the land was regularly sold by the sheriff, and bid off by Russel, at $250 00. On the 12th of April, 1853, the sheriff made a deed to Russel, and put him in possession of the land. Under said sale Russel is, and ever has been, in possession of the same. On the 28th of August, 1855, Slaton brought ejectment against Russel for this lot, and recovered the same with mesne profits.

He then recited all that took place in the aforesaid eject-ment cause, almost in the words of the report of the same in 25*th Georgia. Repart*, 193, and that the judgment of the Supreme Court was made the judgment of the Superior Court, and thereupon, a writ of possession had issued to put him out, and Slaton in, possession of said land, and that the deed from Westbrook, sheriff, to May & Lambeth, was in fraud of the creditors of said Davis. ·

Because of these things, and because, as Russel averred, said Supreme Court, by accident or mistake, overlooked the fact that complainant proposed, and offered to prove in the Court below, that the debt by which the land was sold, when Russel became the purchaser, existed at the time, and for many years before, said Davis abandoned or left the posses-sion of said land, and that the Judge of the Superior Court refused to allow Russel to make that proof, (that Court say-ing that the only question in the case was the statute of lim-itations, thereby misleading Russel's attorneys,) and because said Court based its judgments, in part, on the fact that no such debts had been shown, overlooking said offer to show them, and because of the refusal of the Judge to allow the proof made, and because the Supreme Court also overlooked the fact that, on said trial, Russel proposed, by proof, to carry title down to Slaton, and that this evidence was rejected ; to prevent another action of ejectment, and to quiet his possession, Russel prayed that said writ should be enjoined, and that Slaton be decreed to be barred in the premises by

the verdict in said claim case.   The injunction was granted, answer was filed, and so matters stood till the term aforesaid. The answer denied any fraud or knowledge of any debts charged, stated how Slaton got a title, etc.

The cause came up on a motion to dismiss the bill for want of equity, and, if it had any equity, upon the ground that the equity was sworn off.   The Court dissolved the injunction and dismissed the bill, and this is assigned as error.

TIDWELL & FEARS, A. W. HAMMOND & SON, for plaintiffs in error, cited secs. 3040-1, 3062 Code; 15 *Ga. R.*, 107 ; 10 *Ga. R.*, 399 ; 3 John R, 588 ; 2 Story's Eq., 859 21 *Ga. R.*, 143 ; 19 *Ga. R.*, 124; 25 *Ga. R.*, 193.

J. M. & W. L. CALHOUN for defendant in error.

McCAY, J.

This is a bill filed under the following circumstances. Slaton brought ejectment, with several demises, against Russel.   The case was tried, and verdict was for the plaintiff in ejectment.   Russel, the defendant, brought the case, by bill of exceptions, to this Court, where, at March Term, 1858, it was argued, and the judgment of the Court below was affirmed by this Court.   That judgment was, at the next term of Fayette Superior Court, made the judgment of that Court, and a writ of possession issued.   Russel then filed this bill, setting forth a history of the trial, and alleging that the Supreme Court had, in its judgment of affirmance, *made a mistake* as to certain material facts in the record, and praying a perpetual injunction against the plaintiff in the ejectment cause.   At March Term, 1868, this bill was demurred to, and demurrer was sanctioned.   To that judgment exceptions were filed.

This is rather an extraordinary case.   The title to this lot of land seems to have been always in dispute, no matter who was in possession of it.   We are not disposed to protract this interminable warfare.   The demurrer was properly sustained. The real ground of the bill is, that the Supreme Court erred in its judgment of affirmance at the March Term, 1858.   The

mistake of fact alleged was a small matter, and could have had no effect upon the judgment. If a man has held land adversely for seven years, and then abandons it, the presumption is that his possession was only *seemingly* adverse, and that he has resigned his claim, and the existence or non-existence of creditors can have but little to do with it.

But we place our affirmance of the judgment of the Court on higher grounds.

1. The judgment of affirmance or reversal, *by this Court,* of the judgment of the Court below, is not the subject of review. This is a Court of the last resort, and it would be an extraordinary law, indeed, that would justify such a review. Not that this Court is infallible, but that such a proceeding would be child's play.

2. Certainly the argument of the Judge who writes out the reasons for the judgment, however false in logic or in fact, cannot be a ground for re-hearing *that case.* If the *law* of the case is adjudged wrongly, the Code provides that the *question of law* may, on motion, be re-heard, but until that is done, it is binding on the Court even for future cases.

We are aware that there have been cases when Courts, even of the last resort, have allowed their judgments to be opened and reheard. We think, however, that those cases are cases where there was fraud, no parties, or some state of facts which made the judgment a nullity. 1st Grattan, 81. 3d Call, 323. 7th Grattan, 84.

We do not say that their might not arise a case, in which it might be made the ground of a proceeding in the proper Court, that the *judgment* of this Court, in a case before it, was made upon a mistake of fact—as, for instance, the life of a party—or was procured by fraud. This is by no means such a case. This case, if sustained, would be on the ground that the Court had not read the record; and did not, in fact, know what it was doing.

Judgment affirmed.