## LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE *v.* WILLIAMS.

No. 15336.   JANUARY 16, 1946.

274

*Leon & Dean Covington,* for plaintiff in error.

*Cecil D. Franklin,* contra.

HEAD, Justice. (After stating the foregoing facts.) The question propounded by the Court of Appeals includes the statement that the agent of the insurer who solicited the insurance and

delivered the policy had full knowledge that the insured was not in sound health upon the dates of the application for and the issuance of the policy, and that the insured had tuberculosis at such times, from which disease she died within two years from the date of the policy. We treat the statement as tantamount to saying that the insured was in fact not in sound health at such times and had tuberculosis, which facts the agent knew, and that from such disease the insured died within two years from the date of the policy. Hence we have applicable to these facts the limitation of insurance clause quoted in the statement of facts and also the provision that the policy shall constitute the entire contract and that the company's agents "are not authorized to make, alter, or discharge contracts, or waive forfeitures or any provisions or terms of this policy."

"Limitation of insurance" clauses similar to that here under consideration have been held valid and binding upon the insured in *Gray* v. *Life & Casualty Ins. Co.*, 48 *Ga. App.* 80 (171 S. E. 835), and *Life & Casualty Ins. Co.* v. *Carter, 55 Ga. App.* 622 (191 S. E. 153). In the *Gray* case, the question of waiver or estoppel was not involved, but in the *Carter* case, in which apparently there was no policy provision, as there is in the present case, against waiver because of any conduct of agents, the question was specifically dealt with because of the fact that the evidence "disclosed that the defendant's agent who solicited and delivered the policy, and also its local manager, knew of the insured's condition when the policy was delivered." Nevertheless, the Court of Appeals held that: "The insurer is not estopped by waiver from asserting its rights under the 'limitation of insurance clause,' that 'within two years from date of issuance of this policy, the liability of the company under same shall be limited, under the following conditions, to the return of the premium paid thereon: . . If the insured before its date has been rejected for insurance by this or any other company, order or association, or has been attended by a physician for any serious disease or complaint, or has had before its date any pulmonary disease or chronic bronchitis, or cancer, or disease of the heart, liver or kidneys,' where the amount of the premiums to be paid are equitably based on the kind of insurance policy issued, and both parties contract with the knowledge that before the date of issuance of the policy the in-

sured suffered with a serious disease or complaint, and the evidence authorized an inference that the serious disease or complaint was one of the elements that entered into and brought about the particular kind of insurance contracted."

Thereafter this court on certiorari, in *Carter* v. *Life & Casualty Ins. Co.*, 185 *Ga.* 746 (196 S. E. 415), affirmed the judgment of the Court of Appeals, and on the question of estoppel ruled in the exact language of the Court of Appeals above quoted. It was further held by this court that the *Carter* case differed from *Metropolitan Life Insurance Co.* v. *Hale*, 177 *Ga.* 632 (170 S. E. 875), upon which the insured relied in the *Carter* case, there being in the *Hale* case a provision that the insurance policy might be declared *void* under similar circumstances. It was correctly stated by the Court of Appeals in the *Carter* case that in the *Hale* case the policy contained a provision that, "if the insured . . has within two years before the date hereof been attended by a physician for any serious disease or complaint, . . the company may declare this policy *void,* and the liability of the company in the case of any such declaration in the case of any claim under this policy shall be limited to the refund of the premiums paid on the policy;" and that the company was given the right to declare the entire policy void, whereas in the *Carter* case the insurer had only the right to limit liability under certain conditions.

The opinion of the Court of Appeals in the *Carter* case quotes with approval from Champion *v.* Life &c. Co., 25 Ala. App. 101 (141 So. 363), where, in dealing with an identical clause, the rule was stated as follows: "Placed in the contract for the benefit of the insurer, it was none the less binding on the insured. Recognizing the limited liability, defendant pleads its tender and offer to pay. Being a valid stipulation in the contract of insurance, *it was immaterial whether the soliciting agent had knowledge or notice of the condition of insured or not. Assuming that both the agent and the company had such knowledge, the company admits the liability and offers to comply with the contract according to its terms."* (Italics ours.) As pointed out by the Court of Appeals, the *Hale* case involved the question whether the company had the right to forfeit the entire policy on the ground that it had been deceived when in fact it knew, at the time of issuing the policy, the very thing about which it claimed to have been de-

ceived; whereas in the *Carter* case the question was not as to any deception or avoidance of the entire policy, but merely whether the company should be sustained in its contention that, while relying upon the validity of the policy, it was nevertheless insisting on the contractual provision that it pay a larger or smaller amount according to whether or not certain conditions guarded against by the policy did in fact exist, whether known or unknown to the company at the time of the issuance of the policy. As stated in *National Life, &c. Insurance Co.* v. *Mullen,* 64 *Ga. App.* 24 (3) (12 S. E. 2d, 363), "There is a distinction between a policy which provides that it is voided by the presence of certain named conditions and one in which the liability is limited by the presence of certain named conditions."

The fact that, as stated in the question propounded in the present case, the application for insurance was not attached to the policy could not alter the binding effect of the "limitation of insurance" clause as a valid contractual right in the insurer. Where there is no such clause as here, the fact that the application has not been attached would be pertinent on the question of liability of the insurer for the full amount of the policy where the company defends on the ground of fraudulent representations material to the risk, because, since the act of 1906 (Ga. L. 1906, p. 107; Code, § 56-904), the unattached application does not become a part of the contract between the parties, and the Code, § 56-820, which provides that representations contained in an application for insurance shall be considered as covenanted to be true, is modified by the act of 1906. In such a case the insured might recover the full amount of the policy, if the evidence authorizes the jury to find that, in making assertions in his application as to freedom from a serious disease or complaint, which were in fact untrue, he did not act fraudulently but in an honest belief that he was not so afflicted. *National Life &c. Co.* v. *Williams,* 53 *Ga. App.* 677 (187 S. E. 145); *National Life &c. Ins. Co.* v. *Falks,* 57 *Ga. App.* 384 (195 S. E. 463); *Bankers Health & Life Ins. Co.* v. *Griffeth,* 59 *Ga. App.* 740 (1 S. E. 2d, 771). On the other hand, where the application is attached to the policy, it becomes a part of the insurance contract and the answers of the applicant constitute warranties, and the only inquiry, where the company defends on the ground of false representations material to the risk, is

whether or not the insured was afflicted with a serious disease or complaint causing his death and guarded against in the application for insurance. In such instance, however, "If the application containing the false answers referred to was signed by the applicant by reason of some misleading artifice or device perpetrated by the agent, such as reasonably prevented the applicant from reading the application containing the false answers before he signed it, or if the answers were inserted by alteration after the application was signed, a different case might be presented." *National Accident &c. Ins. Co.* v. *Davis,* 179 *Ga.* 595 (4) (176 S. E. 387).

The significance of an unattached application relates to those cases where the question is as to liability for the full amount of the policy, and where there is involved only the question as to whether or not in making false representations material to the risk the applicant acted fraudulently. The question here involves a contract for limited liability under certain conditions, a contract in which the company hazards the possibility that, if the insured, though suffering with a serious disease, lives for the period of two years, the policy will become binding for payment of the full amount, but that, if the insured dies within the two-year period, the company's liability shall be limited to a return of premiums paid.

The decisions of the Court of Appeals in *Gray* v. *Life & Casualty Ins. Co.,* supra, and *Life & Casualty Ins. Co.* v. *Carter,* supra, are sound in principle, and are affirmed by this court in *Carter* v. *Life & Casualty Ins. Co.,* supra. Since it was held in the *Carter* case that *actual* knowledge by the insurance company would not estop it from asserting the limited liability contracted for, there would not be an estoppel because of imputed knowledge of the company by reason of the knowledge of the agent. In the *Carter* case in the Court of Appeals, that court held that the policy would not be unfair to the insured if the amount of premiums to be paid was based on the kind of policy issued; both parties contracted with the knowledge that before the date of the issuance of the policy the insured suffered from a serious disease or complaint; the evidence authorized an inference that the serious disease or complaint was one of the elements that entered into and brought about the particular kind of insurance contracted for; and there

was no allegation or proof that the insurance company was guilty of fraud or misrepresentation. Since this court can only answer questions of law certified by the Court of Appeals, we cannot determine what the jury would be authorized to find from the evidence. Whether or not the insurer in this case should be successful in maintaining its defense of non-liability except for the return of premiums paid, would require an investigation of the evidence. However, under the question certified, the insurer would not be estopped from asserting non-liability except for a return of premiums paid, under the limitation of insurance clause and non-waiver provisions contained in the industrial life insurance policy under consideration; and the question must, therefore, be answered in the

*Negative. All the Justices concur, except Wyatt, J., who dissents.*