30954. LIFE & CASUALTY INSURANCE COMPANY
*v.* WILLIAMS.

DECIDED FEBRUARY 8, 1946.

464

*Leon & Dean Covington,* for plaintiff in error.

*Cecil D. Franklin,* contra.

PARKER, J. This case was certified by this court to the Supreme Court. The question propounded was whether the insurer was estopped from asserting non-liability, except for a return of premiums paid, under the limitation-of-insurance clause and non-waiver provisions contained in an industrial life insurance policy, as set out in the foregoing statement of facts. The Supreme Court answered the question in the negative, holding that the insurer is not estopped from asserting its non-liability, except for a return of premiums paid, under the conditions set forth in the question. See *Life & Casualty Insurance Co.* v. *Williams,* 200 *Ga.* (36 S. E. 2d, 753).

As shown in the preceding statement of the case, the policy provided that within two years from the date of issuance, the liability of the company was limited to a return of premiums paid, "if the insured was not in sound health upon the date of issuance and delivery of this policy, or if the insured before its date had tuberculosis," etc. The policy was dated February 24, 1941, and the insured died within two years, on August 3, 1942. The uncontradicted evidence showed that the cause of death was tuberculosis, and that the insured had consumption or pulmonary tuberculosis, the disease from which she died, prior to the date of the policy.

Although it appeared from the evidence that the agent of the company had full knowledge that the insured was not in sound health when the policy was written and delivered, and that she had tuberculosis at that time, the insurance company may assert its non-liability, beyond the return of premiums paid, under the provisions of the policy that "agents are not authorized to make, alter, or discharge contracts or waive forfeitures, or any provisions or terms of this policy." Therefore the evidence demanded a verdict for the company, the verdict for the plaintiff was not authorized, and the court erred in overruling the defendant's motion for new trial.

*Judgment reversed.   Sutton, P. J., and Felton, J., concur.*