36760.  RESERVE LIFE INSURANCE CO. *v.* BEARDEN.

DECIDED OCTOBER 11, 1957—REHEARING DENIED OCTOBER 24, 1957.

*Guy Tyler, Marvin O'Neal, Jr.,* for plaintiff in error.

*Stonewall H. Dyer,* contra.

FELTON, C. J. ■ This case may be considerably simplified by stating the following facts in the record: 1. The application is attached to and is made a part of the policy, and the case accordingly comes under the provisions of Code § 56-820, which provides that the representations contained in the application shall be considered as covenanted to be true, and any variation by which the nature, extent or character of the risk is changed shall void the policy. 2. No language of the insurance contract refers to or states the effect of the application, and no language of the application refers to or limits the policy. Further, no language in the application limits the authority of the company's agents. 3. The defendant introduced no evidence, and the plaintiff's evidence demands the following conclusions: (a) The plaintiff informed the agent that he had had a pre-existing hernia, and in good faith divulged all the details he knew concerning it. (b) The agent, also presumably in good faith, informed the plaintiff that the hernia would make no difference since it had been repaired and therefore cured. (c) The agent wrote in the word "no" to the question as to whether the plaintiff had ever had a hernia, but he did so with the plaintiff's knowledge. (d) The plaintiff's signature on the application therefore contained a material misrepresentation which was not fraudulently made but which resulted in a mistaken interpretation to him by the agent as to the meaning of the question, and which materially increased the risk.

Given these undisputed facts, the following law should apply: (a) The application, being attached to the policy, becomes a part thereof. *Life & Casualty Ins. Co. of Tenn.* v. *Williams,* 200 *Ga.* 273 (36 S. E. 2d 753, 161 A. L. R. 686). (b) There was a material misrepresentation sufficient to vary the nature and extent of the risk and therefore sufficient to avoid the policy, nothing more appearing. (c) The insurance company, however, may be estopped to urge this defense if actual knowledge of the true state of facts is legally imputable to it. (d) Although a limitation on the authority of the agent to waive the provisions

of the insurance contract *when it appears on the face of the application for insurance* makes any effort of the agent to waive provisions ineffective (*New York Life Ins. Co.* v. *Patten,* 151 *Ga.* 185, 106 S. E. 183), where such limitation does not appear on the application, a similar limitation of the agent's authority occurring in the policy itself refers only to acts of the agent subsequent to the issuance of the policy. *Peninsular Casualty Co.* v. *McCloud,* 47 *Ga. App.* 316 (6) (170 S. E. 396) ; *George Washington Life Ins. Co.* v. *Smith,* 90 *Ga. App.* 459 (83 S. E. 2d 302) ; *Johnson* v. *Aetna Insurance Co.,* 123 *Ga.* 404 (2) (51 S. E. 339, 107 Am. St. R. 92). (e) Where, under such conditions not involving special stipulations and not involving actual fraud, an insured makes a false statement on an application for insurance of which the agent of the insurance company has actual knowledge, this knowledge is imputed to the insurer, who is thereafter estopped from urging this defense. *Johnson* v. *Aetna Insurance Co.,* supra; *German-American Mutual Life Assn.* v. *Farley,* 102 *Ga.* 720 (29 S. E. 615) ; *National Casualty Co.* v. *Borochoff,* 45 *Ga. App.* 745 (165 S. E. 905) ; *National Life & Accident Ins. Co. of Tenn.* v. *Sneed,* 40 *Ga. App.* 131 (2) (149 S. E. 68) ; *Wiley* v. *Rome Ins. Co.,* 12 *Ga. App.* 186 (76 S. E. 1067) ; *Georgia Burial Corp.* v. *Herrin,* 12 *Ga. App.* 53 (76 S. E. 753) ; *Fair* v. *Metropolitan Life Ins. Co.,* 5 *Ga. App.* 708 (1) (63 S. E. 812); *Ocean Accident & Guarantee Corp.* v. *Howell,* 46 *Ga. App.* 69 (166 S. E. 678) ; *Peninsular Casualty Co.* v. *McCloud,* supra; *National Life & Accident Ins. Co.* v. *Cantrell,* 49 *Ga. App.* 368 (175 S. E. 543) ; *John Hancock Mutual Life Ins. Co.* v. *Yates,* 50 *Ga. App.* 713 (179 S. E. 239) ; *Bankers Health & Life Ins. Co.* v. *Hamilton,* 56 *Ga. App.* 569 (1) (193 S. E. 477) ; *Rhodes* v. *Mutual Benefit Health & Accident Assn.,* 56 *Ga. App.* 728 (194 S. E. 33). In *Metropolitan Life Ins. Co.* v. *Hale,* 177 *Ga.* 632 (170 S. E. 875), a question from the Court of Appeals to the Supreme Court as to whether actual knowledge of the disability on the part of the soliciting agent would be imputable to the company was answered in the affirmative. In that case no question of a written application for insurance was involved, but in the other cases cited the same rule of law was applied to applications made by the insured with the knowledge or help of the soliciting agent. *Curry* v. *Washington National*

*Ins. Co.,* 54 *Ga. App.* 590, 593 (188 S. E. 741) is distinguishable, because in that case the application for insurance contained the provision that "the company is not bound by any statement or knowledge of any statement made to, or by any agent of the company unless written on the application." *National Life & Accident Ins. Co.* v. *Gordon,* 183 *Ga.* 577 (188 S. E. 894) is not in point because there the court found the evidence insufficient to warrant a finding that the medical examiner (the alleged agent of the insurance company with knowledge of the true facts) knew of the disability of the insured at the time the application for insurance was made.

We recognize the rule stated in *Faircloth* v. *Taylor,* 147 *Ga.* 787 (4) (95 S. E. 689) and like cases to the effect that knowledge of the soliciting agent will not be charged to the principal where the agent and the applicant colluded for the purpose of defrauding the insurance company. No such conclusion is here demanded by the evidence, for it appears that the applicant in good faith gave the agent full details of his prior illnesses and the agent, under the apparent impression that it was unnecessary to report a 1949 hernia, symptoms of which had disappeared under treatment, herself checked the application to indicate the applicant had not suffered from the diseases there listed. In the absence of fraud or misrepresentation on the part of the insured, or *fraudulent* collusion between the insured and the agent, and in the absence of a limitation on the power of the agent in the application to waive its provisions, actual knowledge by the agent of the untruthfulness of the statement is imputable to the company and results, on issuance by it of the policy, in waiver of its right to avoid the policy on this ground. Accordingly, that portion of special ground 4 of the amended motion for new trial and of ground 3 of the motion for judgment notwithstanding verdict, which raise this point, are without merit. Likewise, since the evidence did not demand a finding that there was fraudulent collusion in the preparation of the application, special ground 5 of the motion for a new trial is likewise not meritorious, said ground assigning error on the court's failure to charge the following request: "I charge you, that, if you find that the plaintiff knew that the agent of the defendant had filled in the application for insurance involved in this case by inserting

therein a false answer, and the plaintiff signed such application so falsified, he cannot recover, because, I charge you, that an insured, with actual knowledge of the falsity of the answer cannot take benefits of insurance issued pursuant to such application, which would have been, under such circumstances, a fraud on the company, perpetrated by the agent with knowledge of the plaintiff, for the plaintiff's benefit."

As shown by special ground 4 of the motion for new trial, a motion for a directed verdict was made on the ground that the plaintiff's disability was not covered under the policy, which insured for expense "resulting from sickness the cause of which originates while this policy is in force and more than 15 days after the date hereof, hereinafter referred to as such sickness." The evidence is undisputed that the policy was dated March 20, 1953; that the defendant had an inguinal hernia in 1949 which, after treatment, had apparently disappeared and healed; that it was not giving any trouble and was in the same condition as it was when the policy was written, until a disease, influenza, which was contracted by him months after the insurance became of force and while the policy was in effect, was accompanied by violent coughing which caused the hernia condition to "flare up" or recur in the latter part of 1954. The operation and expenses in connection with which this claim was made occurred in 1956.

While the insuring clause of the policy provides that it covers expenses "(b) resulting from sickness the cause of which originates while this policy is in force and more than 15 days after the date hereof," the limitation clause in Part II provides: "2. Tuberculosis, cancer, abdominal hernia or rupture, or any disease of the heart or circulatory system, shall be covered under this policy only if hospital confinement begins after this policy has been in force for six months or more." This we take to be a plain statement that the hospital expenses relative to repair of a hernia, which expenses occur after the policy has been in force for six months or more, will be covered. The policy must be construed as a whole, including the application which is a part of it, and if this is not the meaning of this clause when taken in connection with the insuring clause and the application, then, at the very least, the provisions are ambiguous and will be construed against the insurer who drew the contract and in favor

of the verdict rendered. Special ground 4 of the amended motion for new trial relating to this issue, as well as the general grounds of the motion and the motion for judgment notwithstanding the verdict do not require a reversal of this case.

■ The bad faith of the insurance company which will authorize the imposition of penalty and attorney's fees under Code § 56-706 refers to the time when the company refuses to pay on proper demand made at least 60 days after proof of loss, and not to the time of the trial. *Independent Life & Accident Ins. Co. v. Hopkins,* 80 *Ga. App.* 348 (3) (56 S. E. 2d 177). It means a frivolous and unfounded denial of liability. *American Fire & Casualty Co. v. Barfield,* 81 *Ga. App.* 887 (3) (60 S. E. 2d 383). The burden of showing bad faith is on the insured. *Pearl Assurance Co. v. Nichols,* 73 *Ga. App.* 452 (5) (37 S. E. 2d 227). It appears from the evidence here that at the time of the refusal to pay the claim the insurance company and its officers and agents in charge of paying the claim had imputed but not actual knowledge that the acts of their soliciting agent estopped them from relying upon this defense. See *Life & Casualty Ins. Co. of Tenn. v. Williams,* 200 *Ga.* 273, supra. Further, the insurer has a right to contest liability depending on a legal question (such as that dealt with in the second division of this opinion) which has not heretofore been decided by the courts of this State. See *Equitable Life Assurance Society v. Gillam,* 195 *Ga.* 797 (2) (25 S. E. 2d 686, 147 A. L. R. 1008). Accordingly that part of special ground 4 complaining of the inclusion in the verdict of the statutory penalty and attorney's fees is well taken.

*Judgments affirmed on condition that the plaintiff write off the attorney's fees and penalty; otherwise, the judgment denying the motion for new trial is reversed. Quillian and Nichols, JJ., concur.*