## 33195. TODD v. DEKLE.

HILL, Justice.

In 1972, Todd filed suit for personal injuries resulting from negligence alleged against Dekle. After Dekle's motion for summary judgment was denied by the trial court, the Court of Appeals reversed in *Dekle v. Todd,* 132 Ga. App. 156 (207 SE2d 654) (1974), holding that the material, undisputed facts showed that Todd failed to exercise ordinary care for his own safety. Certiorari was not sought and judgment upon the remittitur was entered in Dekle's favor on August 1, 1974.[1]

In *Ellington v. Tolar Const. Co.,* 237 Ga. 235, 237 (227 SE2d 336) (1976), we found that the Court of Appeals' decision in *Dekle v. Todd,* supra, was erroneous.

Alert counsel then filed this suit in equity on October 1, 1976, on behalf of Todd against Dekle seeking to set aside the August 1, 1974, judgment of the trial court entered upon the remittitur of the Court of Appeals. The basis of this suit is that the prior judgment was entered as a result of a mistake of fact or law or both. The plaintiff invoked Code Ann. § 81A-160 (e) (f) in support of his

---

[1] By reciting the fact that certiorari was not sought, we do not in the least suggest that an application for certiorari should have been made or that such an application would have been granted. See Rule 36 (j), (1), and text at footnote 2, below.

complaint in equity which was filed within three years of entry of the judgment complained of. The defendant moved to dismiss for failure to state a claim upon which relief could be granted, and asserted res judicata, estoppel by judgment and waiver as defenses. Upon the facts being stipulated, the trial court entered judgment for the defendant.

The plaintiff urges correctly that res judicata and its accomplice, estoppel by judgment, are not defenses in an action to set aside the judgment which resulted from the prior adjudication. Cf. *Hite v. Waldrop,* 230 Ga. 684 (198 SE2d 665) (1973).

We do not found this decision upon waiver because our decision would be the same if certiorari had been sought (see footnote 1, above); i.e., our decision in this case would be the same if there had been no omission to seek cert. which omission now is raised as waiver. The reason becomes clear when the often misunderstood function of our certiorari jurisdiction is re-examined.

"[C]ertiorari will not be entertained except in cases of public gravity and importance; and . . . the question merely whether a verdict is supported by the evidence, where only an issue of fact is involved, does not authorize a review by this court on certiorari." *Hicks v. Louisville & N. R. Co.,* 182 Ga. 595, 602 (186 SE 662) (1936). "Under the rules of the Supreme Court, a judgment of the Court of Appeals will not ordinarily be reviewed because of an assignment of error complaining that the Court of Appeals has erroneously construed the pleadings, nor will it ordinarily review a decision of the Court of Appeals merely because of an assignment of error complaining that the judgment of such court is incorrect. The Supreme Court will review by certiorari cases of great public concern, gravity, and importance." *Frazier v. Southern R. Co.,* 200 Ga. 590, 592 (37 SE2d 774) (1946). Our rules provide and we undertake to grant certiorari, not as a matter of right but as a matter of judicial discretion, in those cases in which not only error but also gravity and importance are demonstrated. Rule 35 (d), (j).[2] On the

---

[2] Eighty percent (80%) of the applications for certiorari are denied. See The Caseload of the Supreme

subject of gravity and importance, see Justice Hall's dissenting opinion in *Atlanta Coca-Cola Bottling Co. v. Jones,* 236 Ga. 448 (224 SE2d 25) (1976).

Because, if cert. had been sought in *Dekle v. Todd,* supra, it likely would have been denied, we do not base our decision in this case on waiver. We therefore turn from the defenses to the claim itself.

Although a court of equity may set aside a judgment for mistake, fraud or accident, Code Ann. § 81A-160(e), a contested decisional error by a court, trial or appellate, as to fact, law or both, resulting in a judgment is not such a mistake as can be rectified by a subsequent suit, in equity or otherwise, challenging that judgment. *Nevels v. Detroiter Mobile Homes, Inc.,* 230 Ga. 42 (195 SE2d 415) (1973); *Carpenter v. State,* 195 Ga. 434 (1) (24 SE2d 404) (1943); *Russel v. Slaton,* 38 Ga. 195 (1868). A complaint seeking to set aside a judgment on the ground that it resulted from a contested decisional error of a court fails to state a claim upon which which relief can be granted. *Nevels,* supra.

The mistake in *Kohn v. Lovett,* 43 Ga. 179 (1871), was a mistake by the judge but it was an uncontested ministerial mistake (he incorrectly dated a bill of exceptions), as opposed to a decisional or judgmental error. The mistake in *Whipple v. Houston County,* 214 Ga. 532 (105 SE2d 898) (1958), was a mistake of fact by one or more of the parties, not that of the court. The fraud in *Wade v. Watson,* 133 Ga. 608 (66 SE 922) (1909), was fraud upon the court by some party or person unknown, not a mistake by the court.

The present case is controlled by the holding in *Columbian Nat. Life Ins. Co. v. Mulkey,* 150 Ga. 45 (102 SE 346) (1919): "In cases falling within the jurisdiction of the Court of Appeals, mere error by that court. . . will not authorize a court of equity to set aside the decision of the Court of Appeals." The reason for this rule is the same as that which supports the doctrine of res judicata: "Interest rei publicae ut sit finis litium [It is of advantage to the public that there be an end of litigation] is a maxim so old that its origin is hidden in a remote antiquity, and the

policy which it inculcates is so essential as not to admit of question or dispute." *Bowman v. Bowman,* 215 Ga. 560, 562 (111 SE2d 226) (1959). The trial court did not err in dismissing the complaint.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 13, 1978 — DECIDED FEBRUARY 28, 1978.

*Gerard & Matthews, William T. Gerard,* for appellant.

*Erwin, Epting, Gibson & McLeod, Gary B. Blasingame, M. Steven Heath,* for appellee.