## 55142. WEST v. RUDD et al.

BIRDSONG, Judge.

This appeal arises out of the grant of a summary judgment resulting in denial of an insurance claim. The facts show that in 1971 John Rudd took out a family policy of life insurance in the amount of $5,000 with double indemnity for accidental death. The policy also provided for insurance coverage for the insured's wife and each child or afterborn child born to the insured and the insured's wife. At no point in the policy is a beneficiary named except as "the insured's wife." As a family policy, it provided for the insuring of children, even though the insured Rudd had no children. At the time the policy was issued, the appellant Pamela West, a/k/a Pamela Rudd, was married to John Rudd. Though she is not listed as a named beneficiary, Ms. West signed the application for insurance consenting to the terms of the policy and confirming any representations made relative to her as

wife and any children (of which there were none.) In 1972, Ms. West was divorced from John Rudd and subsequently remarried West. In 1976, John Rudd was killed by accidental means. The appellee, W. E. Rudd, was appointed administrator of John Rudd's estate and filed claim for the proceeds of the insurance policy, i.e., $10,000. In a separate suit, Ms. West filed a conflicting claim for the $10,000, asserting herself to be the beneficiary of the policy inasmuch as she was the "insured wife," identified as such in the application, at the time the policy was issued. The appellee, Life Insurance Co. of Virginia, successfully moved to have the suits joined as one to avoid a multiplicity of actions. The insurer also paid the proceeds of the policy into the registry of the court pending determination as to which party was entitled to the proceeds. Based upon the pleadings, depositions and statements of counsel, the trial court denied motions for both partial and total summary judgment filed by Ms. West and granted a motion for summary judgment filed by the administrator, W. E. Rudd, directing payment of the proceeds to the estate. The trial court determined that "wife" means lawful, wedded wife and because a divorce had occurred and no beneficiary was named other than "insured wife," the proceeds should be paid to the alternate beneficiary, the estate. Appellant, Ms. West, enumerates several errors. *Held:*

The policy of insurance provided that payments of death benefits would be paid when due, as follows: "The amount payable upon the death of the Insured shall be paid to the Insured Wife, if living, otherwise to the estate of the Insured." As discussed above, at no point in the policy is Ms. West named as a beneficiary. In all references to members of the family, this being a family policy, the beneficiaries are designated "the insured wife" or the "insured child." It is apparent, therefore, that the intended beneficiary of the policy in question is one who occupies a status, i.e., "wife" rather than a named person. There are no cases in this jurisdiction directly addressing this point. However, in 44 AmJur2d 669, Insurance, § 1758, under the discussion of the subject of insurance, it is stated in pertinent part that if a beneficiary is not named but is designated merely by a status, such as "wife," the

legal wife as ascertained at the time of death and not the one with whom the insured was living at the time the insurance was obtained, is the described beneficiary, assuming there is a living wife wedded to the insured at the time of his death. To the same effect, see 20 ALR 959. Though not directly on point, the case of *Clements v. Terrell,* 167 Ga. 237, 245 (4) (145 SE 78), tends to indicate that this state follows the general rule. In that case it was stated at p. 245: "If the insurance had been made payable generally to the wife of the insured, under that general designation no one would be entitled to the insurance except his wife. . ." Where a policy makes proceeds payable to the "wife" of the deceased, and prior to death, the "wife" obtains a divorce, the divorced wife is precluded as the beneficiary because of the absence of the marital relationship or status of "wife" at the time of death. See Pike County Mut. Life Assn. v. Berry, 214 Ill. App. 316 (1); White v. Brotherhood of American Yeomen, 124 Iowa 293 (99 NW 1071). We conclude that the trial court did not err in denying summary judgment to Ms. West nor in granting summary judgment to the administrator of the deceased's estate. The remainder of appellant's enumerations of error are rendered moot by the decision we have reached.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED JANUARY 18, 1978—DECIDED APRIL 4, 1978 — REHEARING DENIED APRIL 25, 1978 — CERT. APPLIED FOR.

*John H. Lantz,* for appellant.
*Rich, Bass, Kidd, Witcher & Billington, Charles T. Bass, Casper Rich, Carter, Ansley, Smith & McLendon, Tommy T. Holland,* for appellees.