## 33818. WEST v. RUDD et al.

BOWLES, Justice.

This court granted certiorari to review the decision of the Court of Appeals in *West v. Rudd,* 145 Ga. App. 721 (244 SE2d 586) (1978).

On September 15, 1971, John Rudd made application to the Life Insurance Company of Virginia for a family policy of life insurance in the amount of $5,000 with double indemnity for accidental death. The proposed policy was to provide insurance coverage for the insured, John Rudd, the insured's wife and each child then living or born thereafter to the insured and insured wife. At the time the application was made, petitioner, Pamela West, a/k/a Pamela Rudd was married to John Rudd. The application listed John Rudd as "Proposed Insured" and Pamela P. Rudd, as "Proposed Insured Wife." Information concerning the medical history of both the "Proposed Insured" and "Proposed Insured Wife" was required in the application. The "Proposed Insured," John Rudd, signed the application for insurance and agreed to the following: "(1) that all answers to such questions, together with *this agreement shall form the basis and become a part of any* policy issued thereon" and "(2) that, . . . the insurance herein applied for shall not take effect until a policy therefor is delivered . . . and the full first premium paid *while all persons proposed for insurance* herein in the opinion of the Company's authorized officers at its National Headquarters *are insurable and acceptable* under the Company's rules and practices for such policy. . ." (Emphasis supplied.) Pamela P. Rudd, as "Proposed

Insured Wife" signed the application for insurance consenting to the terms of the policy and confirming any representations made relative to her as wife.

On September 28, 1971, Life Insurance Company of Virginia issued a family policy of insurance in the name of the insured, John Rudd, which policy provided that, "The amount payable upon the death of the insured shall be paid to the *Insured Wife,* if living, otherwise to the *estate of the Insured."* (Emphasis supplied.)

In 1972, Pamela P. Rudd was divorced from her husband, the insured, and subsequently remarried. In 1976, the insured was killed by accidental means. Respondent, W. E. Rudd, was appointed administrator of the insured's estate and filed a claim against Life Insurance Company of Virginia for the proceeds of the insurance policy. Respondent claimed that because no beneficiary was specifically named in the policy of insurance other than the "Insured Wife," the proceeds of the policy were payable to the estate of the "Insured" since the "Insured" was unmarried on the date of his death. In a separate suit, petitioner filed a conflicting claim asserting herself to be the beneficiary of the policy inasmuch as she was the "Insured Wife" identified as such in the application at the time the policy was issued. Life Insurance Company of Virginia successfully moved to have the suits joined as one to avoid a multiplicity of actions. The insurer also paid the proceeds of the policy into the registry of the court pending a determination as to which party was entitled to the proceeds. Thereafter, both petitioner and respondent filed motions for summary judgment. Based upon the pleadings, depositions and statements of counsel, the trial court denied petitioner's motion, however, granted that of respondent directing payment of the proceeds to the insured's estate.

On appeal, the Court of Appeals held that "at no point in the policy is Mrs. West named as a beneficiary. In all references to members of the family, this being a family policy, the beneficiaries are designated 'the Insured Wife' or the 'Insured Child.' It is apparent, therefore, that the intended beneficiary of the policy in question is one who occupies a status, i. e., 'wife' rather than a named person." Since the insured was unmarried

at the time of his death, no person occupied the status of the "Insured Wife" under the terms of the policy and, therefore, the Court of Appeals found the trial court correct in its grant of a motion for summary judgment in favor of the administrator of the insured's estate.

We reverse.

Although the policy does not specifically name Pamela P. Rudd as being the "Insured Wife" it is clear from a reading of the policy that the "Insured Wife" and the "Proposed Insured Wife" named in the application are one and the same. The application for insurance, which specifically named Pamela P. Rudd as "Proposed Insured Wife," is made a part of the contract of insurance by the general provisions contained in Section 8 of the policy which reads as follows: "This policy *and the application therefor* shall constitute the entire contract between the parties hereto, . . ." (Emphasis supplied.) Even in the absence of such a provision it is well settled that an application for insurance becomes a part of the insurance contract itself where the application is attached to the policy of insurance. *National Life &c. Ins. Co. v. Chapman,* 106 Ga. App. 375 (127 SE2d 157) (1962); *Reserve Life Ins. Co. v. Bearden,* 96 Ga. App. 549 (101 SE2d 120), affd. 213 Ga. 904 (102 SE2d 494) (1958); *Life & Cas. Ins. Co. of Tenn. v. Williams,* 200 Ga. 273 (36 SE2d 753) (1946). Thus, the policy must be construed as a whole, including the application which is a part of it.[1]

In *Ogletree v. Hutchinson,* 126 Ga. 454 (55 SE 179) (1906), it was said, "When an application for a policy of life insurance designates a named person as the beneficiary of the policy, and a policy is issued which does not contain the name of any beneficiary, the person named in the application is to be treated as the beneficiary of the contract." Pamela P. Rudd, being the "Proposed Insured

---

[1]The Georgia Insurance Code provides, "Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy *and as amplified, extended, or modified by any rider, endorsement, or application made a part of the policy.*" (Emphasis supplied.) Code Ann. § 56-2419.

Wife" in the application for insurance became the "Insured Wife" in the policy of insurance.

Other provisions contained in the policy of insurance make clear that Pamela P. Rudd, the "Proposed Insured Wife" in the application for insurance, was to be regarded as the "Insured Wife" in the policy of insurance subsequently issued.

1. The incontestability provision contained in Section 8 of the policy refers to the "Insured Wife" named in the application for the policy of insurance. This clause reads as follows: "This policy shall be incontestable after it has been in force during the life time of the Insured, the *Insured Wife* and each insured child *named in the application for this policy* for a period of two years from its date of issue. . ." (Emphasis supplied.)

2. The General Provisions of Section 8 provide that, "If the age or sex of the Insured or Insured Wife or both has been misstated, the amount payable and every benefit accruing under this policy shall be such as the premiums paid would have purchased at the correct age and sex." Clearly premiums paid by the insured were computed according to the age of the "Proposed Insured Wife" named in the application and recognized by the insurance company as the "Insured Wife" in the policy of insurance.

3. Although the policy is poorly worded in regard to the intended "beneficiary," Section 3 of the policy entitled "Policy Specifications," refers to the beneficiary ". . . as designated in the application. . ." This clause could only refer to Pamela P. Rudd, the "Proposed Insured Wife" named in the application or the "Proposed Insured Children" of which there were none.

We hold that when an application for insurance is attached to or made a part of an insurance contract by reference, the contract must be construed according to the terms contained therein as amplified, extended or modified by the application.

In the instant case the insurance contract refers to the intended beneficiary as the "Insured Wife." The application, made a part of the insurance contract by reference, names Pamela P. Rudd as the "Proposed Insured Wife." In light of our holding, we can reach no other conclusion but that the Court of Appeals erred in

finding the intended beneficiary to be one who occupied a status rather than a named person. It is clear that Pamela P. Rudd is the "Insured Wife" and is entitled to the proceeds of the insurance policy.

*Judgment reversed. All the Justices concur, except Jordan and Hall, JJ., who dissent.*

ARGUED SEPTEMBER 11, 1978 — DECIDED OCTOBER 18, 1978.

*John H. Lantz,* for appellant.

*Rich, Bass, Kidd, Witcher & Billington, Charles T. Bass, Casper Rich, Carter, Ansley, Smith & McLendon, Tommy T. Holland,* for appellees.

HALL, Justice, dissenting.

I would dismiss the writ of certiorari as improvidently granted because I find no gravity or importance to the public. See Supreme Court Rule 36 (d) (J); *Todd v. Dekle,* 240 Ga. 842, 843-844 (242 SE2d 613) (1978); and my dissenting opinion in *Atlanta Coca-Cola Bottling Co. v. Jones,* 236 Ga. 448 (224 SE2d 25) (1976).