77547. MANNING v. AMERICAN HEALTH & LIFE INSURANCE COMPANY.
(378 SE2d 512)

BIRDSONG, Judge.

Appellant Manning was the husband of Pamela Ravan Manning when she died accidentally. He claimed, as her spouse, the proceeds ($5,000) of a policy of life insurance covering her, but the trial court

awarded the proceeds to her previous husband, Burnett. Manning appeals. *Held*:

1. American Health & Life Insurance Company, having acknowledged and discharged its contract obligation by paying the proceeds into court registry, is dismissed.

2. The trial court clearly did not err in awarding insurance proceeds to the former spouse, Burnett.

This policy was applied for by Kenneth Burnett and his then-wife Pamela in 1979, to insure both their lives for benefit of each other. The application recites "Applicant and Owner Name: Burnett(,) Kenneth John," and specifically recites detailed information personal to John Kenneth Burnett. Burnett signed the application as "Applicant & Owner" of the policy. Burnett's application named Pamela Ravan Burnett as "Spouse" and required similar information personal to her.

The policy specifically states, as to "Ownership:" "The Applicant [Burnett] is the owner of the Policy. If the Applicant's spouse is also an Insured Person . . . upon *written* proof of legal divorce the Company upon receipt of written request will issue a new policy to the Applicant's Spouse containing the same benefits for the Spouse as this Policy, with the Spouse as named Insured and owner of the Spouse's policy."

This contract of insurance clearly was applied for, paid for, and owned by the deceased's former husband, Kenneth Burnett. It was a contract personal to himself which insured, by name, his then-spouse, Pamela. When Burnett and Pamela divorced, Burnett still owned the policy. See *West v. Rudd*, 242 Ga. 393 (249 SE2d 76).

We do not see where Mr. Manning comes into this contractual relationship at all. He attempts to insert himself by suggesting in various ways that he was covered as the "Insured Spouse" of Pamela, but this is Kenneth Burnett's contract and policy. It is not Pamela's contract, and it does not cover any "insured spouse" except Pamela and the specifically named Burnett. It is not Manning's policy.

The trial court was correct in its judgment for Burnett, for the reasons herein before set forth.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 2, 1989.

*Clark & McLaughlin, Michael C. Clark*, for appellant.
*Harben & Hartley, Sam S. Harben, Jr., Charles S. Wynne*, for appellee.