A89A1687. TOMLINSON v. STATE OF GEORGIA.

(387 SE2d 49)

BANKE, Presiding Judge.

The appellee filed a Uniform Reciprocal Enforcement of Support action against the appellant seeking to hold him liable for the support of Emily Dawn Hughes, a minor child. A jury entered verdict in the appellee's favor, requiring the appellant to pay $160 per month as child support, to provide an accident and sickness insurance policy covering the child, and to maintain a life insurance policy on his own life in the amount of $25,000 with the child as beneficiary. We granted a discretionary appeal from the judgment entered on this verdict in order to consider the appellant's contention that the court exceeded its authority in ordering him to maintain the life insurance policy. *Held*:

1. In *Clavin v. Clavin*, 238 Ga. 421, 423-4 (233 SE2d 151) (1977), the Georgia Supreme Court held that, notwithstanding the strong public policy favoring support of minor children by the father's estate after his death, "a father is not required by law to create an estate for his minor children," and that a provision in a divorce decree requiring him to provide a life insurance policy for the benefit of a minor child is consequently invalid unless he has agreed to it. However, in *Ritchea v. Ritchea*, 244 Ga. 476 (2) (260 SE2d 871) (1979), the Court subsequently upheld a verdict in a divorce case requiring the husband

to maintain, as an element of alimony, a life insurance policy for the benefit of his wife. In *Coker v. Coker*, 251 Ga. 542, 543 (307 SE2d 921) (1983), the court recognized the apparent conflict in these two decisions but declined to resolve it, holding instead that, under the circumstances of that case, "even if the trial judge made, in effect, a mistake of law by including the life-insurance provision into the divorce decree, this does not constitute a ground for setting aside the decree." In support of that holding, the Court cited *Todd v. Dekle*, 240 Ga. 842 (242 SE2d 613) (1978), wherein it had held that "[a] complaint seeking to set aside a judgment on the ground that it resulted from a contested decisional error of a court fails to state a claim upon which . . . relief can be granted." Id. at 844.

It appears from an examination of the transcript in the present case that the appellant failed to object at trial either to the jury's inclusion of the life insurance provision in its verdict or to the court's charge authorizing the imposition of such a requirement. It is reasonable to assume that the jurors took the cost of this requirement into consideration in fixing the amount of the appellant's monthly support payments and that, had they not been permitted to include such a provision in their verdict, his monthly support payments would have been higher. In reliance on the Supreme Court's decision in *Coker v. Coker*, supra, we hold that under the circumstances the appellant has waived the right to object to the validity of the life insurance requirement on appeal. Accord *Ray v. Stinson*, 254 Ga. 375 (329 SE2d 502) (1985).

2. During voir dire, the trial court sustained the appellant's objection to the following remarks by the appellee's attorney: "This case today will decide once and for all whether or not Dawn Hughes will have a father for the rest of her life. There will never be another case like this. There will be no one else that we will pursue or nobody else. . . ." The appellant contends on appeal that these remarks were so prejudicial that the court should have either declared a mistrial or given curative instructions to the jury in addition to sustaining his objection. However, no motion for mistrial or request for curative instructions was made by the appellant. Consequently, this enumeration of error presents nothing for review. See *Prince v. State*, 257 Ga. 84, 88 (6) (355 SE2d 424) (1987); *Harris v. Hardman*, 133 Ga. App. 941, 945 (12) (212 SE2d 883) (1975).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 6, 1989.

*Griner & Alderman, Elsie H. Griner, Galen P. Alderman*, for appellant.

*Michael J. Bowers, Attorney General, William C. Joy, Senior*

*Assistant Attorney General, William M. Droze, Assistant Attorney General,* for appellee.