## EXCHANGE BANK *v.* CASH.

BECK, P. J. 1. Where appraisers are appointed to set apart and assign a sufficiency of property or money as a year's support for a widow, they must set apart property which belongs to the estate of her deceased husband.

2. A note for a specified sum payable to Mrs. C. (the widow), secured by a mortgage on standing timber, mules, machinery, etc., is apparently the property of the widow.

3. Though extrinsic evidence be produced that the note was made payable to the widow for the purchase-money of property belonging to the estate "and sold by the widow to the maker," this does not divest the widow of her character as owner of the note. Nor could the maker contest the note, unless it were given under such mistake of law or such mutual mistake of fact as would authorize the maker to contest it upon the ground that it should have been made payable to the estate or to the representative of the estate of the decedent.

4. The legal title to the note being in the widow, it could not be set apart to her as a year's support, and so much of the return of the appraisers as purports to set apart this note to her was void. *Bank of Wrightsville* v. *Powell,* 163 *Ga.* 291 (135 S. E. 922).

5. The fact that the return of the appraisers purported to set apart "any other equity or property the late [deceased husband] may have owned, provided that the sum total shall not exceed $1500," and "also all his personal property," would not of itself render the provision as to setting apart the note void or unenforceable. While the provision setting apart "any other equity or property the [deceased] may have owned, provided that the sum total shall not exceed the sum of 1500," is void for uncertainty in its description of the property set apart, that part of the award which sets apart "all his personal property" is not void; for while the personal property is not described, extrinsic evidence would be admissible to make certain and to identify the property included in that general description. *All the Justices concur.*

No. 7142. JANUARY 16, 1930.

754

*Sibley & Sibley,* for plaintiff.    *Allen & Pottle,* for defendant.