## 28279. HAMMETT v. CITIZENS & SOUTHERN NATIONAL BANK.

PER CURIAM. Described real estate was set aside as a year's support to the widow of Ralph P. Hammett. Prior to his death Ralph Hammett had borrowed a sum of money from The Citizens and Southern National Bank and executed a "Consumer Property Improvement Note" which stated: "This obligation results from repairs furnished and goods added to and becoming an integral part of [described] premises." The same described premises were set aside to the widow as a year's support. The bank filed the present action in which, as amended, it sought judgment in rem against the property and that the property be sold to satisfy such debt or in the alternative that it be allowed to enter upon the premises and reclaim the "goods." The trial court granted the bank's motion for summary judgment and it is from this judgment that the present appeal was filed. The sole enumeration of error contends that such judgment was error because "appellant's title to the property in question is superior to the rights of appellee."

1. Where an agreement is made for the furnishing of money to pay for personalty added or to be added to real estate as improvements thereto and it is specifically agreed that such "described goods whether affixed to the premises or not, are and should remain personal property and that the [lender] has security title to and a security interest in those goods until [the note] is fully paid" the award of the real estate on which such improvements have been made to the debtor's widow as a year's

support is not superior to the lender's claim to such property. See *Cobb v. Hall,* 136 Ga. 254 (71 SE 145).

2. The language in such agreement was sufficient to meet the requirements of Code § 113-1011 that it was executed and delivered for the purpose of securing the debt for such purchase money.

3. The argument and citations of authority of the appellant which seek to place the priorities between the lender and the borrower's widow as though she were a purchaser for value of the property set aside as a year's support are not applicable. "Under our Code a purchase-money mortgage on land or on personalty is superior to the right of the widow and minor children to a year's support in such mortgaged property. This is true regardless whether the bill of sale to secure a debt is recorded or is not recorded." 2 Redfearn, Wills and Administration in Ga. (3d Ed.), p. 303, § 334.

4. The sole enumeration of error, that the trial court erred in granting the summary judgment because "appellant's title to the property in question is superior to the rights of appellee" is without merit.

*Judgment affirmed. All the Justices concur, except Nichols, J., disqualified.*

ARGUED OCTOBER 9, 1973 — DECIDED NOVEMBER 9, 1973.

*Lester & Lester, John J. Flynt,* for appellant.
*Harrison, Jolles & Miller, Charles F. Miller, Jr.,* for appellee.


