28390. UNITED BUILDING SUPPLY, INC. v. ATLANTA DRY WALL COMPANY et al.

Argued November 14, 1973 — Decided January 7, 1974.

*Rolader, Barham, Davis, Graham & McEvoy, D. W. Rolader,* for appellant.

*Swertfeger, Scott, Pike & Simmons, Richard P. Decker, M. T. Simmons, M. H. Blackshear, Jr., Bonner & Rubin, Edward D. Wheeler,* for appellees.

Mobley, Chief Justice. United Building Supply, Inc., appeals

from the grant of a summary judgment to Shawmac, Inc., and American National Bank, as executor of Ralph B. Shaw, Sr.

The amended complaint of the appellant named the appellees and Atlanta Dry Wall Company as defendants. It alleged: On March 13, 1969, Atlanta Dry Wall Company and Edmond R. Kay executed a security deed to the appellant to secure the sum of $37,115.70. The indebtedness was due on May 15, 1969, and has not since been paid. This security deed was given subject to a security deed from Atlanta Dry Wall Company to Ralph B. Shaw, Sr., dated June 13, 1967, to secure an indebtedness of $7,700. Atlanta Dry Wall Company is a corporation owned, managed and controlled by Edmond R. Kay, and the real estate described in the security deeds was the primary asset of the corporation when the security deed was executed to the appellant. The property now has a reasonable market value of approximately $300,000. After heavily encumbering this real estate, Atlanta Dry Wall Company through Edmond R. Kay made an agreement with Ralph B. Shaw, Sr., whereby Shaw would foreclose its 1967 security deed, have Shawmac, Inc., a corporation owned and controlled by Ralph B. Shaw, Sr., purchase the property at the foreclosure sale and convey the property to Edmond R. Kay free of the deeds to secure debt placed upon the property by Atlanta Dry Wall Company. Pursuant to this agreement, Ralph B. Shaw, Sr., foreclosed his security deed and executed a deed, dated January 6, 1970, as attorney in fact for Atlanta Dry Wall Company, to Shawmac, Inc. The deed shows that the property was sold for $8,893.74, subject to four senior security deeds upon which balances were then due of approximately $70,000. This sum was grossly inadequate. It was the purpose of the defendants to hinder, delay, and defraud the appellant and other creditors of Atlanta Dry Wall Company, and the foreclosure of the security deed was an act void as against the appellant and other creditors under Code § 28-201.

It was prayed that the foreclosure of the security deed from Atlanta Dry Wall Company to Ralph B. Shaw, Sr., be declared void; that the deed under power to Shawmac, Inc., be declared void under Code § 28-201; and that injunctive relief be granted.

Shawmac, Inc., and American National Bank made a motion for summary judgment, which was based on the pleadings, the affidavit of the president of Shawmac, Inc., and the depositions of Dave W. Killingsworth, president of the appellant, and Edmond R. Kay. The appellant in its response to the motion relied on the depositions of Killingsworth and Kay, and the pleadings.

There is no dispute in the evidence that the security deed held by Ralph B. Shaw, Sr., was a valid deed, that the indebtedness owed him by Atlanta Dry Wall Company was due and unpaid at the time he foreclosed the deed, and that the foreclosure sale was conducted in accordance with law.

The only evidence pertaining to the alleged scheme to defraud creditors was the deposition of Edmond R. Kay. Ralph B. Shaw, Sr., died on January 30, 1970. The trial judge, in his order, held that Edmond R. Kay was not competent to testify as to transactions with the deceased, Ralph B. Shaw, Sr., and that his testimony by deposition as to the alleged agreement is inadmissible and insufficient to create a genuine issue of fact. The court further held, however, that even if Kay were competent to testify, there would still be no genuine issue as to any material fact, and summary judgment should be granted to Shawmac, Inc., and American National Bank.

The deposition of Kay was relied on by the appellees to sustain their motion for summary judgment. They cannot rely on this evidence to support their motion, and at the same time invoke the rule of inadmissibility of the evidence. *Daniel v. O'Kelley,* 227 Ga. 282, 285 (180 SE2d 707); *Jordan v. Ailstock,* 230 Ga. 67, 69 (195 SE2d 425).

Kay deposed that: After Shaw made him a loan, they became friends, and Shaw allowed him to get behind with his payments. He owed the Internal Revenue Service approximately $46,000, but IRS was willing to accept $15,000. Shaw agreed to loan him $15,000. The agreement that they had was that he was to keep his creditors from starting any foreclosure proceedings; Shaw would foreclose on his note; and then they would sit down, because they did not have anyone to worry about, and would "put the kind of package together" that they wanted to put together. They discussed different things that they might do, but nothing definite was decided because they had to get IRS paid first. They discussed the future development of the property but made no definite plans. Shaw was on his way to Brunswick to get the $15,000 to pay IRS for him when Shaw died. Just before Shaw left to go to Brunswick, Shaw requested him to sign two leases for the property conveyed by the deed under power, and he signed these leases. When Shaw died, he and Shaw had never worked out a deal.

This evidence shows that no definite contract was ever entered into between Kay and Shaw prior to the foreclosure of the security deed, and no benefit was ever received by Kay or Atlanta Dry Wall

Company. The oral promises that Shaw made to Kay in connection with the foreclosure of the property were extremely vague, according to the deposition of Kay, and the promises were entirely without consideration, since Shaw had the right to foreclose the deed securing the indebtedness due him by Atlanta Dry Wall Company. The evidence that Kay had been assured by Shaw that at some time in the future they would enter into a joint enterprise concerning the property which Shaw conveyed to his corporation, Shawmac, by the foreclosure deed, does not authorize a finding that the foreclosure sale and deed under power was void as a transaction fraudulent in law against the creditors of Kay and his corporation, Atlanta Dry Wall Company, under Code § 28-201.

The trial judge did not err in granting summary judgment to Shawmac, Inc., and American National Bank.

*Judgment affirmed. All the Justices concur.*