## 48555. STRICKLAND et al. v. MILES.

EBERHARDT, Presiding Judge.

This appeal is by the executrix and remaindermen under the will of Earl Miles from a judgment of the superior court rendered upon a directed verdict upholding an award of a year's support to the widow for the remainder interest in a fifty-two acre tract on which there existed an uncanceled loan deed subsequently transferred to the widow after the husband's death.

After the husband's death on April 2, 1968, his will was probated in common form in the court of ordinary on August 5, 1968, by Mrs. Waunell Strickland, decedent's sister, as executrix. The terms of the will provided for the widow to receive all monies and personal property in fee simple and an estate for widowhood in all

real property with remainder over therein in fee simple at her death or remarriage to testator's named brothers and sisters. The will further provided that during the widow's lifetime or until she remarried, she was entitled to live upon and receive all income from the real property, with specific authorization given her to lease the real property for farm purposes, to lease the timber for turpentine purposes for periods not exceeding five years, and to "sell timber from said lands in periodical sales (not clean-cut the same)" conditioned that it "be done in accordance with good forestry practices." The will also provided that all income from the sale of timber or turpentining the timber would inure to her benefit. Further provision was made empowering the executrix to sell the realty and to borrow money pledging the real property as security as might be necessary to secure funds in the event of serious illness of the widow.

The will did not state expressly that the provisions therein for the widow were in lieu of a twelve months' support.

Among the grounds of the caveat was that the family had consummated an agreement "for the settlement of the estate of Earl Miles, said agreement being in the nature of a family settlement of all features of the estate," (R. 21) whereby the widow was estopped from seeking a year's support. The caveat recites that after the death of the husband the family had agreed upon a method of paying the estate debts and getting money for the widow by agreeing to sell timber. The first bids were obtained on 170 acres of land and subsequently on 222.5 acres, four timber dealers making bids. Thereafter, in March, 1969, caveators contend the family settlement agreement was made. "The substance of the agreement was that $30,000.00 would be borrowed from Allied Timber Company, and out of this amount of money all debts due by the estate would be paid by Mrs. Lennie Lucille Miles (widow), the check for $30,000 received from the sale of the timber being turned over to Mrs. Lennie Lucille Miles." (R. 21). The caveat continues, averring that another sister, Mrs. Bowen subsequently joined in the agreement making it complete as between the executrix, all remaindermen, and the widow, the last

named "assigning the lease to Allied Timber Company to obtain the $30,000" (R. 21). The caveat further states that all remaindermen waived their rights and interest in the land by signing the necessary legal documents presented by the timber company. "In pursuance of the agreement $30,000.00 was delivered to the widow, Mrs. Lennie Lucille Miles under a definite and express agreement that out of this money would be paid all debts due by the estate of Earl Miles. That in further pursuance of this agreement Mrs. Lennie Lucille Miles paid $10,433.97 of the estate debts as she agreed to do." (R. 22). Members of the family testified at the trial as to their respective versions concerning the details as to what had transpired and the widow was cross examined as an adverse party concerning these events which had occurred both before and after the probate of the will.

On September 9, 1969, the widow filed her application to the court of ordinary for a year's support. On December 1, 1969, the appraisers filed their award wherein they set apart as a year's support to the widow "The remainder interest after the life estate or estate during widowhood" in a fifty-two acre tract of land, such remainder interest being valued at $6,077.

In addition to that ground of the caveat contending the family settlement agreement constituted a bar or estoppel, appellants urged an additional bar existed because the terms of the will were such as to be inconsistent with and repugnant to the grant of a year's support even though there was no specific statement therein stating the provision for the widow to be expressly in lieu of a year's support.

At the conclusion of the evidence presented by the caveators, counsel for the widow moved for the direction "of a verdict in behalf of the applicant for twelve months' support in this case, the appellee, Mrs. Lucille Miles, on the ground that the caveators have utterly failed to sustain their ground of caveat, to the effect that an oral contract was entered into whereby Mrs. Lucille Miles waived her right to a twelve months' support." (T. 103). This motion was sustained and the court entered a judgment thereon awarding the widow a year's support in the remainder interest in the fifty-two acre tract, the

superior court judgment using the identical language of the award as amended by the court of ordinary judgment, including the valuation of $6,077.32. Nowhere in the transcript is there shown any evidence concerning such valuation excepting in the award of the appraisers which had been introduced during the trial. (T. 112, 113). Caveators have taken this appeal from that judgment.

1. We conclude that since the will did not provide that the devise to the widow was in lieu of a year's support, as might have been done under Code § 113-1007, she was put to no election and was not barred from claiming one, either by the "family agreement" under which certain timber was sold or otherwise. We cannot find the terms of the will to be such as by repugnancy or inconsistency with the idea of a year's support to the widow to preclude her right to one. *Burch v. Harrell,* 57 Ga. App. 514 (196 SE 205), and citations.

2. The appeal from the court of ordinary to the superior court is, upon reaching the superior court, a de novo proceeding, and insofar as is consistent with the rules of practice found in the Civil Practice Act it is governed thereby. It proceeds as do other civil cases. A directed verdict is appropriate in such a proceeding if it meets the tests of Code Ann. § 110-104. However, the jurisdiction of the superior court on the appeal of such a proceeding is no greater than that of the tribunal from which it was appealed.

With these principles in mind we must recognize that it is not the province of the court to review and affirm or reverse the rulings made in the tribunal from which the matter was appealed, but to try the issues anew and pass original judgments on questions involved as if there had been no previous trial. *Hall v. First Nat. Bank of Atlanta,* 85 Ga. App. 498 (3) (69 SE2d 679); *Strickland v. Strickland,* 99 Ga. App. 531 (109 SE2d 289).

The issues made are to be found in the caveat to the return of the appraisers setting apart the year's support, which were:

(a) That the widow had. made a contract with the executrix and the brothers and sisters of the decedent, who were other beneficiaries under the will, which she was morally and legally bound to fulfill;

(b) That the widow was estopped from claiming a year's support free of all debts because of her agreement to pay the debts of the estate (from the proceeds of the timber sale);

(c) That the widow had made an election which she could not withdraw;

(d) That the appraisers had gone beyond their power in setting apart a year's support in land on which there was outstanding a deed to secure debt at the time of the testator's death.

Other paragraphs in the caveat are but repetitious recitals relative to the agreement, the existence of the security deed, etc.

3. We have reviewed carefully all of the evidence in this record relative to the contended "family agreement" but we have been unable to find anything in it which could be construed to relinquish on the part of the widow her right to claim a year's support, or which could serve as an estoppel against her doing so. Nor do we consider it as an election on her part to renounce her claim therefor. As we have observed above, we find no election to which she was put either by the will or by the agreement — which was simply an agreement between the widow as life tenant and the remaindermen under the will to sell timber from the lands for the payment of debts and for providing money to the widow under terms of the will.

4. A more serious question is raised by the contention that the appraisers exceeded their power in setting aside the remainder interest in the land as a year's support for the widow when there was outstanding against the land a security deed which the testator had executed during his lifetime.

Here it appears that there was outstanding a deed to secure debt from the decedent, Earl Miles, to Mrs. Geraldine Gardner dated August 16, 1963, recorded in Deed Book 125, page 536 of the Pierce County deed records. It was outstanding at the time of decedent's death on April 2, 1968, was still outstanding when decedent's will was probated August 5, 1968, and when the widow, Mrs. Lennie Lucille Miles, applied for a year's support on September 25, 1969 and the appraiser's return

was filed and admitted to record in June, 1970.

On June 7, 1969 Mrs. Lennie Lucille Miles paid the grantee in the security deed a sum of money equal to the balance of the debt due thereunder and took from her an assignment of the debt and the security deed and was the holder thereof when she made application for the year's support.

Under the will of Earl Miles, the decedent, his widow, Mrs. Lennie Lucille Miles was devised a life estate in and to all of his lands for life, or during her widowhood, with remainder over to his brother and sisters.

The appraisers appointed to act under the application set apart as a year's support for the widow "The remainder interest after the life estate during widowhood in and to the following property (description)," valuing it at $6,077.32, "which the widow has selected to take." Following the award the appraisers asserted "It is the intent and purpose of this award that the applicant, Mrs. Lucille Miles, obtain the full and unencumbered fee simple title in and to all of the above described real property, without limitation of any kind or description, or loss by death or remarriage. The amount of the award is based upon our appraisal of the value of the remainder interest, but it is our intention that the entire title to said property be awarded to the applicant . . . not subject to any of the debts of the estate, including that certain deed to secure debt from Earl Miles to Mrs. Geraldine Gardner dated August 1, 1963 and recorded in deed book 125 page 536 . . ." A motion by the caveators to strike this expression of intent was sustained, and it is not now a part of the award, but does illustrate what was intended in the awarding of "the remainder interest after the life estate during widowhood."

There was no award of the equity of redemption as to the remainder interest, nor was the remainder interest awarded as a year's support subject to the outstanding security deed.

As we read the case of *Exchange Bank v. Cash,* 169 Ga. 753 (151 SE 345), the appraisers did exceed their power insofar as the year's support set aside included the interest conveyed by the security deed, and it does not

matter that the widow may have been the holder of the outstanding security deed when the award was made.

For the same reason the judgment entered on appeal in the superior court in the same language as had been used in the award was and is error to the same extent.

As was pointed out in *Exchange Bank v. Cash,* supra, "The legal title to the note being in the widow, it could not be set apart to her as a year's support, and so much of the return of the appraisers as purports to set apart this note to her was void."

A year's support can only be set apart from property of the estate. *Odom v. Hoppendeitzel,* 153 Ga. 20 (111 SE 419).

The award of the year's support should have been made of the equity of redemption as to the remainder interest, or of the remainder interest subject to the outstanding security deed. The remainder interest is not the same as an equitable title or an equity of redemption.

Even though the whole of the remainder was erroneously set aside, it was, as a matter of law, subject to the outstanding security deed. *Hammett v. Citizens & Southern Nat. Bank,* 231 Ga. 400 (202 SE2d 66); *Berry v. Government National Mortgage Assn.,* 231 Ga. 503 (202 SE2d 450). As to the effect of a cancellation of the deed to secure debt, see Code § 67-1306.

5. The security deed was admissible for the showing of the value, or of the reduced value, of the property being set aside. No issue of value was made in the caveat and none is made on appeal. Consequently, for this purpose exclusion of the deed was irrelevant. It was admissible for showing that the remainder interest should be set apart subject to the deed to secure debt.

*Judgment reversed and remanded for the entry of a proper judgment not inconsistent with this opinion. Bell, C. J., Hall, P. J., Pannell, Quillian, Stolz and Clark, JJ., concur. Deen and Evans, JJ., dissent in part.*

ARGUED SEPTEMBER 17, 1973 — DECIDED MARCH 14, 1974.

*Griffin & Houston, Francis Houston, Findley & Ratcliffe, James E. Findley, Bennett, Pedrick & Bennett,*

*E. Kontz Bennett, Sr.,* for appellants.
*Leon A. Wilson, II,* for appellee.

DEEN, Judge, dissenting.

What we are talking about here is a legal interest in an equity of redemption; that is, the remainder interest in the equity. Mrs. Miles already had the life estate in the equity of redemption under the will, and she had the legal interest to the amount of the debt by purchase. The remainder interest in the equity of redemption is all that is left, and this the appraisers could set aside to her for year's support. The fact that in conjunction with this award they attempted to give her something she already had (the debt-title to the remainder) doesn't keep the legal part of the return from vesting in her to give her a perfect title. (The sum of all legal and equitable interests in property always equals fee simple).

As I see it, whether the exclusion of the loan deed be harmless error, or correct, the direction of the verdict was proper in any event. I would affirm, under either theory.

I am authorized to state that Judge Evans concurs in this view.