56892. LASTINGER et al. v. JOHNSON et al.

DEEN, Presiding Judge.

1. This case involves a dispute over certain bank deposits between the sister of the deceased and a brother as executor of his estate. In 1970 the deceased came to Georgia and commenced living with his sister, the appellee Edna Johnson. In late 1970 and early 1971 he opened two bank accounts with himself and Edna Johnson, in the alternative, having withdrawal privileges but without any mention of survivorship. At that time, joint tenancies having been abolished in Georgia, it had been established by case law that (even with words of survivorship in the bank authorization) upon the death of one signatory title to the fund did not automatically vest in the survivor (*Clark v. Bridges,* 163 Ga. 542 (136 SE 444) (1926); *Nash v. Martin,* 90 Ga. App. 235 (2) (82 SE2d 658) (1954)), but it became a matter of proof which party as a matter of fact had title to the account or any part of it. Any survivorship interest at that time arose "because of the contract and not because it [was] an incident of the common law joint tenancy." *Spurlock v. Commercial Banking Co.,* 138 Ga. App. 892, 896 (227 SE2d 790) (1976), affd. 238 Ga. 123 (231 SE2d 748) (1977). Accordingly, as of the time these accounts were opened in 1970 and 1971 nothing appears which would suggest that the deceased, by opening the joint accounts, had intended to give his sister any contractual rights to amounts remaining after his death.

2. Ga. L. 1976, pp. 1388, 1393, 1394, known as the Financial Institutions Code, was amended by the addition of Code Ann. § 41A-3801 (d) defining a joint account as one

payable on request to one of multiple parties "whether or not mention is made of any right of survivorship," and Code Ann. § 41A-3804 (a) providing that sums remaining on deposit in joint accounts at the death of a party belong to the remaining party as against the estate of the decedent "unless there is clear and convincing evidence of a different intention at the time the account is created." As we have seen, at the time these accounts were created words clearly denoting an intention to create an account with survivorship privileges were necessary if survivorship was intended, and, this not appearing, it may be presumed that the intention to do so did not exist. In support of this construction, it appears further that the amendatory Act changing the rule became effective March 31, 1976. The decedent executed his will April 23, 1976, leaving the deposits intact and dividing the income therefrom between his brothers and sister. Since the account as originally opened and as maintained until the testator's death made no provision for survivorship rights in the joint tenant, and since, immediately after the law was changed so as to allow such rights, the testator by will made a different division of the deposits, it is inferable that it was not the intention of the deceased either in the first instance or thereafter to create a survivorship interest in the entire accounts to his sister. While the will cannot be considered as bearing on the intention of the decedent when he opened the accounts in 1970 and 1971, it does to some extent bolster the presumption that he was in the first instance acting under no misapprehension as to the survivorship aspects of the joint accounts. We accordingly hold that the accounts passed under the law in effect at the time of their creation which placed title for purposes of distribution in the executor of the estate as against the joint signatory to the account.

3. The appellee contends that no "intent" is shown at the time of opening the accounts whether to create survivorship rights or not, and that therefore Code Ann. § 41A-3804 should control, on the theory that the 1976 Act is remedial in character and entitled to retrospective operation. In support of this construction we are cited to *Pritchard v. Savannah &c. R. Co.*, 87 Ga. 294, 298 (13 SE 493) (1891), in which it was stated that "a joint tenancy

may be converted into a tenancy in common, thereby destroying the right of survivorship, and the statute will apply to estates already vested at the time of its enactment." This does not require us to follow the 1976 statute, however, where in any event the precedence of that statute depends upon intent at the time of creating the original accounts. At common law, creation of a joint tenancy automatically drew to it the incident of survivorship. "In Georgia the mere creation of the estate in two or more persons never draws to it survivorship as an incident, and the presumption is in all cases that survivorship was not intended. But where by express terms or necessary implication a survivorship is provided for, the law of Georgia allows it to exist." *Equitable Loan &c. Co. v. Waring,* 117 Ga. 599, 676 (44 SE 320) (1903). This was the law when the decedent opened the accounts. He made no attempt to create a survivorship incident to the account. Upon the law doing so for him, he immediately published a will leaving the corpus of the accounts in the hands of the executor for distribution. No right of survivorship arose in the sister, and it was error to direct a verdict in her favor.

4. Prior to 1974, Code § 13-2039 provided a shield for banks paying withdrawals on joint accounts by stipulating that the bank might pay out to either named depositor without liability whether or not the other was living. Ga. L. 1974, p. 705 (Code § 41A-1603) kept this protection and enlarged it to foreclose liability in the case of either death or incompetence. And by Ga. L. 1976, p. 1388, the present Code Ann. § 41A-3808 provides that payment may be made by the bank to either signatory to an account "without regard to whether any other party is incapacitated or deceased at the time the payment is demanded." It follows that no liability devolves upon the bank by reason of the joint signatory's withdrawal shortly after Lastinger's death on November 4, 1977, of the amounts remaining in the two accounts. A verdict in favor of the defendant bank was properly directed.

*Judgment affirmed in part and reversed in part. Smith and Banke, JJ., concur.*

Submitted November 14, 1978 — Decided December 1, 1978 —

REHEARING DENIED DECEMBER 14, 1978.

*Bobby Jones,* for appellants.

*Allen, Edenfield, Brown & Wright, Charles H. Brown, Johnston & Brannen, Sam L. Brannen,* for appellees.