56802. MELEAR et al. v. MELEAR.

McMURRAY, Judge.
Barry Dean Melear, an employee of the City of Atlanta Police Department, was insured under group policies numbers GL-5598 and ACC-322712, having certificate number 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, by Aetna Life Insurance Company. Melear was killed in the line of duty at which time he was survived by a daughter, Donna Suzanne Melear. He had been married to Kathleen Conley Melear, but at the time he was killed there had been a decree of divorce issued. However, Kathleen Conley Melear contends that on two occasions they had gotten divorce decrees but in each instance they continued to live as man and wife. The beneficiary on the Aetna Life Insurance Company insurance was Kathleen C. Melear.

Upon learning that the insurance company planned to pay over the proceeds of the policy or policies to Kathleen Conley Melear, Homer Dean Melear, the administrator of the estate of Barry Dean Melear, and Donna Suzanne Melear, by next friend, Linda Gaskins Melear Lewis, filed a complaint in equity to enjoin Aetna Insurance Company (later changed to Aetna Life Insurance Company) from paying over the funds to the defendant Kathleen Conley Melear, and for judgment

declaring that the death benefits be paid to the estate of Barry Dean Melear. The petition contends the divorce between the decedent and the defendant operated to revoke the beneficiary designation. The child is the only natural object of the decedent's bounty and the only person dependent upon the decedent for her future. Plaintiffs also allege that the deceased had intended to change the beneficiary as designated and that it would be unconscionable and contrary to law to permit the benefits to be paid to the defendant Kathleen Conley Melear.

Whereupon Aetna Life Insurance Company paid the proceeds into the registry of the court and by consent order was discharged by all parties concerned as a defendant in the case. After discovery the remaining defendant (Kathleen Conley Melear) moved for summary judgment in her favor. Whereupon summary judgment was granted in favor of the defendant against the plaintiffs. Plaintiffs' complaint was dismissed, and the proceeds of the policy or policies were awarded to defendant. Plaintiffs appeal. *Held:*

1. During discovery the defendant deposed and answered questions with reference to conversations she had with the deceased as to his child (Suzanne) and as to whether or not he ever mentioned her (Suzanne) in terms of any insurance policies or provision for her future. The defendant answered as follows: "The only thing that he ever mentioned was if anything should happen to him, that I was to set up some type of fund for her to make sure that when she was eighteen years old, that she knew who her father was and that he did love her." She further answered that there were no details as to what kind of fund or what funds were supposed to be used for this purpose. In answer to the question, "What funds were you supposed to use for this purpose?" she answered, "You know, with the insurance if anything happened to him. Of course, we had decided to set up a trust fund on the side for her." Thereafter she answered that she was "to set up a trust fund for her college. . .[e]nough to cover her college."

Based upon the above, plaintiffs amended the complaint seeking to impress a constructive trust in the insurance proceeds for the benefit and use of the plaintiff Donna Suzanne Melear. A second amendment was then

offered contending that an implied trust had been created for the benefit of plaintiff Donna Suzanne Melear in the proceeds of the insurance policy paid into court. Allegations were also made in this amendment of fraud on the part of the defendant, "in assuring the decedent that she would well and truly and faithfully perform as Trustee for the benefit of Donna Suzanne Melear," which representation was made for the purpose of obtaining the insurance proceeds under the terms of the policy. This amendment also sought, " in the event the Court finds a failed express trust, an implied trust results in favor of the deceased [sic] estate."

"Where any suit shall be instituted. . . by. . .the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the. . .deceased person as to transactions or communications with such. . .deceased person whether such transactions or communications were had by such. . . deceased person with the party testifying or with any other person." Code Ann. § 38-1603 (1) (Ga. L. 1953, Nov. Sess., pp. 319, 320). "Fairly early in the history of the statute from which this Code section [Code § 38-1603 (1)] was derived, the Supreme Court laid down a definition of the kind of transaction to be excluded from the evidence intended by the legislature in enacting that law. In *Chamblee v. Pirkle,* 101 Ga. 790 (29 SE 20), at page 792, the Supreme Court said: 'The true intent and meaning of the exceptions to the section above cited is to exclude testimony of any party as to matters occurring or happening *directly* with the deceased party, which he, if alive, could deny or explain. The statute does not render a witness incompetent simply because the other party is dead. It includes only *direct* transactions or com- munications between the witness and the deceased party, and as to all other matters the living party is a competent witness.' (Emphasis supplied.) Since that decision both the Supreme Court and this court have had numerous occasions to restate and clarify that definition, and it is clear that the kind of transaction interdicted by the statute now includes only those transactions as defined by this court in the recent case of *Simmons v. Larry,* 109 Ga. App. 424 (136 SE2d 502), at page 425:

'"Transaction,"' in terms of the statute, means 'something personal between the surviving and deceased parties, a transaction or communication of such character that the deceased, if alive, could deny, rebut, or explain the statement of the other party,' and does not include independent observations of the party testifying.' As was said by the Supreme Court in *Gomez v. Johnson,* 106 Ga. 513, at page 515 (32 SE 600), under the statute the surviving party is clearly competent to testify to any matter which *does not* relate to transactions with the deceased." *Monroe v. C. & S. Nat. Bank,* 116 Ga. App. 28, 32 (156 SE2d 805).

On motion for summary judgment in the case sub judice the deposed witness who was a party to the transaction was not authorized to testify as to communications and transactions she had with the deceased. Neither party can rely on this evidence in support of a motion for summary judgment. See *Daniel v. O'Kelley,* 227 Ga. 282, 285-286 (180 SE2d 707); *Jordan v. Ailstock,* 230 Ga. 67, 69 (195 SE2d 425); *United Bldg. Supply, Inc. v. Atlanta Dry Wall Co.,* 231 Ga. 554, 556 (203 SE2d 159).

2. Inasmuch as the conversation between the decedent and the defendant cannot be considered on motion for summary judgment, there was no issue of fraud to be decided by a jury. See *Mills v. Smith,* 236 Ga. 260 (223 SE2d 658); *United Bldg. Supply, Inc. v. Atlanta Dry Wall Co.,* 231 Ga. 554, supra.

3. As the evidence shows the defendant was the beneficiary of the insurance policy or policies here involved, the trial court did not err in granting summary judgment in her favor and in dismissing the complaint and awarding the sums paid into court to her as such beneficiary.

4. The application by the appellee for damages for delay is hereby denied. *Bragg v. Bragg,* 224 Ga. 294, 297 (2) (161 SE2d 313); *American Fin. Co. v. First Nat. Bank,* 135 Ga. App. 24, 26 (4) (217 SE2d 364); *Phoenix Ins. Co. of Hartford v. Weaver,* 124 Ga. App. 423 (3) (183 SE2d 920); *Byers v. Lieberman,* 126 Ga. App. 582, 585 (191 SE2d 470); *Security Mgt. Co. v. King,* 132 Ga. App. 618, 621 (5) (208 SE2d 576).

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED NOVEMBER 6, 1978 — DECIDED JANUARY 25, 1979.

*Flournoy, Evans & Mize, Charles A. Evans,* for appellants.

*Harris S. Tannenbaum, J. C. Codias,* for appellee.