## 57520. WHITE v. ROYAL et al.

UNDERWOOD, Judge.

This appeal arose after the Bank of Barrow filed an action against White, Royal and Howard (both in Howard's individual capacity and as administratrix of the estate of Sue Borders, deceased) requesting the court to determine who was entitled to the proceeds of a savings

account of Sue Borders, deceased. The bank further requested that the Superior Court of Barrow County allow it to deposit the amount of the account with that court and that defendants be required to interplead and settle between themselves their right to the account, and that the bank be relieved from all liability for the account. This request was granted.

Sue Borders opened a savings account with the Bank of Barrow in January, 1966. Subsequently, Borders requested the bank to designate the account as "Sue Borders or Phillip Edward Royal"; an employee of the bank authorized to make such a change granted Borders' request and wrote in after the name Sue Borders the words "or Phillip Edward Royal." He also gave Borders a signature card and told her both she and Royal should sign it. Before it was signed, Borders died intestate and when Royal, her nephew, attempted to withdraw the proceeds, the bank refused on the ground that it did not know whether Royal, or Borders' estate, was entitled to the money in the account. Both White and Howard are sisters of Borders; Howard made no claim to the money, stating that as a result of her investigation she concluded the money is not an asset of Borders' estate, as a matter of law, but is an asset of Royal.

Based on these facts, Royal filed a claim for the money and a motion for summary judgment alleging there is no genuine issue of fact and he is entitled to judgment as a matter of law. White alleged that the money should go into the estate and be distributed according to the law of intestate succession. She opposed Royal's motion for summary judgment on the ground that genuine issues of fact were raised by the pleadings and affidavits. However, she also moved for summary judgment, and in her motion alleged there was *no* genuine issue of material fact and she was entitled to summary judgment as a matter of law. The trial court granted Royal's motion for summary judgment and denied White's motion for summary judgment. White appealed.

Code Ann. § 41A-3804 (a) provides, in pertinent part, that "Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent unless there is clear and

convincing evidence of a different intention at the time the account is created." Additionally, Code Ann. § 41A-3808 specifically prohibits the bank from making payment "to the personal representative or heirs of a deceased party unless proof of death are [sic] presented to the financial institution showing that the decedent was the last surviving party *or unless there is no right of survivorship under section 41A-3804.*" (Emphasis supplied.)

Code Ann. § 41A-3801 (d) defines "joint account" as "an account payable on request to one or more of two or more parties whether or not mention is made of any right of survivorship." There was before the trial court a copy of the depositor's account book indicating that the account was listed as being with "Sue Borders or Phillip Edward Royal." The record shows no challenge to the authenticity of this designation by the deceased or to the claim of its having been communicated to the bank or to the designation as shown on the depositor's account book having been made by a bank employee.

The record supports a finding that the account was a joint account and there being no "clear and convincing evidence of a different intention" by the deceased who established the account, the funds remaining in the account properly belong to the surviving party to such joint account.

Accordingly the trial court was correct in granting Royal's motion for summary judgment.

*Judgment affirmed. Banke, Acting P. J., and Carley, J., concur.*

SUBMITTED APRIL 9, 1979 — DECIDED MAY 17, 1979.

*William D. Healan, Jr.,* for appellant.

*Robinson, Harben, Armstrong & Millikan, Sam S. Harben, Jr., Jack S. Davidson, Richard B. Russell, III,* for appellees.