### 58646. JOHNSON v. LASTINGER et al.

DEEN, Chief Judge.

When this case was here before we held (*Lastinger v. Johnson,* 148 Ga. App. 453 (251 SE2d 369), (1978)) that the direction of a verdict in favor of Johnson was error. After the remittitur was returned to the trial court the Lastingers moved for summary judgment, based on our prior ruling, and the trial court, without receiving any further pleadings or evidence, granted the motion. We affirm.

1. Under the prior opinion it is the law of the case that at the time these events occurred Johnson was not entitled to the proceeds of certain joint bank accounts in the name of herself and her deceased brother merely by reason of the fact that the account was joint. So far as the record shows (this is the same record with no additions other than the motion and order for summary judgment) the original deposits were from money belonging to the

deceased. No question was ever raised in the trial court as to ownership by the appellant of any of the funds other than as a surviving joint tenant, and the mere statement in the brief of counsel that "Mrs. Johnson figured about $2,000 of the money in the account was money that she had put in" cannot be considered on this appeal.

This ruling is not in conflict with *White v. Royal,* 150 Ga. App. 57 (256 SE2d 662) (1979). That case was decided under the provisions of Code Ann. § 41A-3801 et seq. which introduced new statutory results flowing from multi-party bank accounts. In this case the rights of the parties vested prior to the 1976 Act (Ga. L. 1976, p. 1388 et seq.).

2. In view of the understandable confusion resulting from the misinterpretation of *White v. Royal,* supra, we decline to assess damages for a frivolous appeal.

3. By supplemental brief counsel has for the first time raised the issue of whether the appellant claimed a part of the fund in the account, up to $2,000, as her own money, and in support thereof has asked the court to consider a supplemental transcript submitted after argument of the case in this court. We note that the supplemental transcript consists of testimony offered at an interlocutory hearing on a motion for a temporary restraining order; that the hearing was held before a judge other than the judge who passed on the motion for summary judgment, and that this particular transcript was not filed in the trial court until after the final judgment and the notice of appeal to this court. We are aware of the line of cases beginning with *Thompson v. Abbott,* 226 Ga. 353 (174 SE2d 904) (1970) to the effect that the trial judge should always search the entire record before granting a motion for summary judgment, but this statement was in *General Motors Corp. v. Walker,* 244 Ga. 191 (1979) held to be obiter. Code Ann. § 81A-156 (c) requires that depositions on file be considered; it says nothing about oral testimony not on file, not referred to in the motion, and not available to the memory of the judge conducting the hearing. This court has "jurisdiction for the trial and correction of errors of law" only. Code § 2-3108. Where the supplemental transcript was unknown and unavailable to the trial judge there was obviously no

error on his part in not considering it.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED OCTOBER 2, 1979 — DECIDED
NOVEMBER 14, 1979.

*C. H. Brown, Susan E. Warren,* for appellant.
*Bobby Jones,* for appellees.