## 35954. RUSSELL et al. v. HALL et al.

JORDAN, Presiding Justice.

This is an appeal from an order denying the appellants a temporary injunction seeking to enjoin the appellees from disposing of any funds or property coming into their possession under the will of Myrtle Evelyn Russell.

Appellants are brothers and sisters of Emmett Eston Russell and appellees are the executor and sole legatees under the will of Myrtle Evelyn Russell.

The facts as developed by the pleadings and the evidence show that Emmett Eston Russell died testate in 1969, leaving Myrtle Evelyn Russell as his widow and sole surviving heir. Under the pertinent provisions of the will he bequeathed his personal assets to Myrtle Evelyn

Russell, leaving his real property and proceeds of life insurance payable to his estate to a trustee with provision to pay the income from the trust to Myrtle for life and upon her death the corpus was to be paid over by the trustee to Emmett's brothers and sisters, the appellants herein.

Subsequent to Emmett's death, but prior to the probate of his will, Myrtle made application for and was granted a year's support out of his estate in the amount of $24,000 which she elected to take in real estate comprising the homeplace, this being the only real estate owned by Emmett at the time of his death. Emmett's will was then probated in solemn form and letters issued to American National Bank and Trust Company as executor and trustee. At the time of Emmett's death, there were accounts in financial institutions in the amount of approximately $22,000 and $17,000 in the names of both Emmett and Myrtle as "joint tenants with right of survivorship."

Myrtle took under the will and the years support proceedings, as well as the joint accounts noted above which did not pass under the will.

After a hearing the learned trial judge held as a matter of law that the will of Emmett Eston Russell did not require Myrtle to make an election under Code Ann. § 113-1007, and that she could thus take under the will as well as the year's support, and further concluded that all monies held by Emmett and Myrtle in joint accounts with right of survivorship passed to Myrtle immediately upon the death of Emmett.

Based upon these facts and conclusions of law, the trial court denied appellants' prayer for a temporary injunction. We affirm.

1. Code Ann. § 113-1007 provides that, "A testator may, by his will, make provision in lieu of this support for 12 months; in which case the widow may elect, . . ."

No language appears in the will of Emmett Eston Russell which would place the widow to an election. "A widow is entitled to a twelve months' support out of the estate of her deceased husband, notwithstanding the fact that he left to her by will, which was probated over her caveat thereto, a life-estate in all of his property real and personal." *Kinard v. Clay,* 138 Ga. 544 (75 SE 636) (1912);

*Burch v. Harrell,* 57 Ga. App. 514 (196 SE 205) (1938). Since the will did not provide that the devise to the widow was in lieu of a year's support, as might have been done, she was not required to make an election. *Strickland v. Miles,* 131 Ga. App. 300 (1) (205 SE2d 880) (1974).

2. The trial court did not err in concluding as a matter of law that the monies held in the joint accounts with right of survivorship passed to Myrtle upon the death of Emmett. In *Commercial Banking Co. v. Spurlock,* 238 Ga. 123, 124 (231 SE2d 748) (1977) we said: "Common law joint tenancy with the right of survivorship was abolished in Georgia by the Constitution of 1777. [Cits.][1] However, even if a right of survivorship would not arise by operation of law it may be created by contract. [Cits.] When so established, the right of survivorship will be enforced. [Cits.] It is undisputed in this case that a joint tenancy with the right of survivorship was created contractually by this certificate of deposit . . . Furthermore, ownership vested immediately upon the death of the joint tenant. [Cits.]" See also *Taylor v. Citizens &c. Bank of Ga.,* 226 Ga. 15, 18 (172 SE2d 617) (1970).

3. There is no merit in any of the enumerations of error and the judgment denying the temporary injunction is affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 8, 1980 — DECIDED APRIL 23, 1980.

*A. W. Cain, Jr., D. L. Lomenick, Jr.,* for appellants.
*Ronald R. Womack, Norman S. Fletcher,* for appellees.

---

[1]See Ga. L. 1976, p.1438, which revised Code Ann. §85-1002.