### 40943. WHITE v. WHITE.
(319 SE2d 447)

PER CURIAM.

On March 3, 1983, the appellant, Edith Burdette White, filed an action for divorce in the Superior Court of Clarke County, alleging that the marriage was irretrievably broken and praying for an equitable division of the marital property. On April 8, 1983, the appellant's husband, David C. White, filed his answer to the divorce complaint, admitting that the marriage was irretrievably broken and likewise praying for an equitable division. Mrs. White then moved for a judgment on the pleadings as to the divorce only, and the trial court, on April 25, 1983, entered a final judgment and decree of divorce, reserving the remaining issues for trial.

On May 26, 1983, prior to the resolution of those issues, Mr. White died, and on September 7, 1983, Alvin C. White, the administrator of Mr. White's estate, was substituted as party defendant.

At the time of the filing of this action, the appellant had liquid assets of approximately $54,000, of which $40,500 was insurance and other savings from her first husband's estate and $13,500 was one half the proceeds from the sale of the parties' residence, which sale and division were at the request of the appellant. The decedent had approximately $16,000 in savings, of which $13,500 was his share of the residence sale. He also had funds deposited in two teachers retirement funds, one in Illinois and one in Georgia.

The appellant filed a motion for partial summary judgment, contending that she was entitled to the following assets as a matter of

law:

(1) The proceeds of the following policies insuring the life of David C. White, the appellant's deceased former husband, on which the appellant was named as primary beneficiary:

(a) Franklin Life Insurance Company Policy No. 3320258 with a face value of $8,288;

(b) Metropolitan Life Insurance Company Policy No. 627 030 679 A, with a face value of $5,000;

(c) Equitable Life Assurance Society of the United States Policy No. 17232, with a face value of $27,000.

(2) The monies contained in the following joint savings accounts in which the appellant was joint tenant with the right of survivorship with the deceased:

(a) Savings Account No. 16-6293-02 at Cragin Federal Savings, Wheaton, Illinois, with a balance of $3,633.11;

(b) Savings Account No. 16-100400-04 at Cragin Federal Savings, Wheaton, Illinois, with a balance of $15,981.33.

(3) The funds contained in an annuity with the Variable Annuity Life Insurance Company (Policy No. A-8512890) purchased by the deceased, in which the appellant was designated as the primary beneficiary. The cash value of the annuity as of March 31, 1983, was $21,058.44.

(4) The funds contained in the deceased's retirement account with the Teachers Retirement System of Georgia, of which the appellant was designated as beneficiary. The contributions and interest in this account totalled $1,064.50.

The trial court denied the appellant's motion for partial summary judgment with respect to all assets except the proceeds of the Metropolitan Life Insurance Co. policy, to which he held the appellant was entitled as a matter of law, as the policy had been acquired before the marriage. We granted the appellant's application for interlocutory appeal of the denial of her motion for partial summary judgment. We affirm. *Held*:

The appellant-former wife contends that the granting of the divorce did not revoke the beneficiary designations of the life insurance policies, the annuity, and the retirement account, and that the legal right to those funds automatically vested in her upon her former husband's death. She argues that title to the funds in the joint savings account with rights of survivorship similarly vested in her upon her former husband's death as a matter of contract between the parties and the savings and loan association. OCGA § 7-1-813 (a); *Russell v. Hall*, 245 Ga. 677 (2) (266 SE2d 491) (1980); *White v. Royal*, 150 Ga. App. 57 (256 SE2d 662) (1979). Finally, she urges that OCGA § 19-6-1 (e) did not prevent the former husband from changing the beneficiary designations on the policies, annuity, and retirement account, or from

withdrawing funds from the joint savings accounts; she concludes that the funds in dispute are not marital property, but are separate property of hers, acquired after the divorce, hence not subject to equitable division under *Stokes v. Stokes*, 246 Ga. 765 (3) (273 SE2d 169) (1980).

We agree with the appellant's position that the legal title to the funds in dispute vested in her after her former husband's death, as a matter of contract law. However, the appellate decisions of this state holding that the surviving spouse is absolutely entitled to such proceeds notwithstanding a final divorce decree, were in cases which differ factually from the case at bar, in that they were in actions subsequent to final divorce decrees which were dispositive of alimony claims and property divisions. E.g., *West v. Rudd*, 242 Ga. 393 (249 SE2d 76) (1978); *Melear v. Melear*, 148 Ga. App. 780 (3) (252 SE2d 693) (1979). In the present case, on the other hand, the issue of the division of the marital assets of the parties has not yet been resolved. Unlike the situation in *Bailey v. Bailey*, 250 Ga. 15 (295 SE2d 304) (1982), the property in question here was not acquired by gift, inheritance, bequest, devise or otherwise from a third party, but was acquired as a direct result of the labor and investments of the former husband during the course of the marriage, even though her rights in some of the property did not accrue until after the former husband's death. Thus, the property is subject to equitable division in spite of the fact that it is titled in the appellant's name. *Moore v. Moore*, 249 Ga. 27 (2) (287 SE2d 185) (1982); *Stokes v. Stokes*, 246 Ga. 765, supra.

The trial court did not err in its judgment denying the appellant's motion for summary judgment.

*Judgment affirmed. All the Justices concur, except Marshall, P. J., and Smith, J., who dissent.*

DECIDED SEPTEMBER 6, 1984.

*John F. Lyndon*, for appellant.
*James C. Warnes II*, for appellee.

MARSHALL, Presiding Justice, dissenting.

For reasons stated in Justice Bowles' dissenting opinion in *Stokes v. Stokes*, 246 Ga. 765 (273 SE2d 169) (1980), I respectfully dissent.