## 70476. COLLINS v. COLLINS.
(335 SE2d 307)

McMURRAY, Presiding Judge.

This is an action by plaintiff Allen Collins as executor of the estate of Harvey S. Collins to recover the proceeds of certain savings certificates and a joint checking account, which proceeds were with-

drawn from the bank shortly following the decedent's death by his widow, defendant Mary Lou Collins. The jury awarded the plaintiff the proceeds of six savings certificates issued on various dates from 1974 through 1979, totaling $14,000. Defendant's appeal raises the issue of the sufficiency of the evidence. *Held*:

Each of the six savings certificates at issue was issued jointly to the decedent or defendant. None of the savings certificates contain any language expressly creating a survivorship interest.

Three of the savings certificates (totaling $4,500) were issued prior to the 1976 enactment of former Code Ann. § 41A-3801 et seq. (now OCGA § 7-1-810 et seq.). Thus, under our decision in *Lastinger v. Johnson*, 148 Ga. App. 453, 454 (3) (251 SE2d 369), the presumption is that as to those three savings certificates survivorship was not intended. We find no evidence rebutting that presumption and the evidence strongly suggests that decedent purchased these certificates with his own funds. Therefore, we hold that the jury was authorized to return a verdict in favor of plaintiff as to the three pre-July 1, 1976 savings certificates totalling $4,500.

On July 1, 1976, the effective date of former Code Ann. § 41A-3801 et seq. (OCGA § 7-1-810 et seq.), the law was changed so that "[s]ums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent unless there is clear and convincing evidence of a different intention at the time the account is created." Former Code Ann. § 41A-3804 (a) (OCGA § 7-1-813 (a)). Thus, since July 1, 1976, the law has created a presumption of survivorship as an incident to the creation of a joint account. The issue remaining is whether plaintiff has overcome this presumption as to the remaining savings certificates by "clear and convincing evidence." OCGA § 7-1-813 (a).

Plaintiff's evidence at trial serves primarily to prove that the savings certificates at issue were purchased by decedent's separate funds which he earned in his business or by selling certain property. However, we do not find the fact that the decedent was the source of the funds instructive as to the intent of the parties to the contract in regard to disposition of the proceeds upon the death of the decedent. Plaintiff argues that the decedent's will shows his intention that the certificates purchased after July 1, 1976, were not to go to his wife. However, decedent's will makes no reference to the savings certificates. Compare *Lastinger v. Johnson*, 148 Ga. App. 453, supra, wherein immediately following enactment of the statutory language contained in Code Ann. § 41A-3801 (OCGA § 7-1-810) the decedent in that case executed a will specifically providing for the disposition of the account at issue.

Finding no clear and convincing evidence to contradict the statutory presumption we hold that the jury was without authority to re-

turn its verdict in favor of plaintiff as to the certificates dated September 17, 1976, November 4, 1977, and October 12, 1979 (totaling $9,500). The trial court erred in denying defendant's motion for new trial on this issue. *White v. Royal*, 150 Ga. App. 57 (256 SE2d 662). See also *Johnson v. Lastinger*, 152 Ga. App. 328 (1) (262 SE2d 601).

Judgment affirmed on condition plaintiff write off $9,500 and appropriate interest from his judgment, otherwise judgment reversed.

*Judgment affirmed on condition. Banke, C. J., and Benham, J., concur.*

DECIDED SEPTEMBER 18, 1985.

*Howard Tate Scott*, for appellant.
*B. Lane Fitzpatrick*, for appellee.