A91A1506. WYNN v. WYNN.
(415 SE2d 287)

BEASLEY, Judge.

Widow Wynn appeals the grant of summary judgment to the executor of her husband's estate, with respect to her application for year's support.

D. C. Wynn, Sr., published his last will and testament in 1979, bequeathing his wife $15,000 and specifying: "I note that at the time of my marriage to my said spouse we both had been previously married and had our own children. We agreed that our estates would remain separate and apart, but out of the love and affection and joy that my said spouse has brought to me in my latter years since our marriage, it is my wish that she receive Twenty-five Thousand . . . Dollars . . . at the time of my death. I have provided for this by putting a Ten Thousand Dollar savings certificate at Douglas Federal Savings & Loan Association, said certificate being in our names and being payable on our deaths to each other. The remaining Fifteen Thousand was by the bequest heretofore provided in this Item. Notwithstanding all of the foregoing, the only bequest made in this Item is the Fifteen Thousand [dollars]. . . ." It was further specified that the provisions of the will "for my spouse and children are in lieu of year's support."

When Mr. Wynn died, approximately ten years later, there were two bank certificates of deposit made payable jointly to Mr. or Mrs.

Wynn, the first for $15,000 on deposit at Fulton (formerly Douglas) Federal Savings and Loan Association, and the second for $10,000 on deposit at Trust Company Bank. Appellant acquired the proceeds of these certificates. She also filed an application for year's support in the probate court. The executor responded with a caveat, asserting that appellant was precluded from receiving year's support because she elected instead to take the will's bequest.

The court ruled she was entitled to year's support and awarded $25,000 and the home property in fee simple. The executor appealed to the superior court, which granted summary judgment to him.

Appellant contends that as surviving party to the certificates of deposit which were titled jointly in her name and that of her husband, she was the sole owner of those funds so they were not part of the estate and she was not precluded from receiving year's support.

"Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent, unless there is clear and convincing evidence of a different intention at the time the account is created. . . ." OCGA § 7-1-813 (a). "Any transfers resulting from the application of Code Section 7-1-813 are effective by reason of the account contracts involved in this article and are not to be considered as testamentary." OCGA § 7-1-815. Thus, there exists a presumption that right of survivorship was intended by the issuance of the joint certificates of deposit, absent clear and convincing evidence to the contrary. See *Collins v. Collins*, 176 Ga. App. 79 (335 SE2d 307) (1985).

"Any person who becomes a widow shall be entitled to year's support. . . ." OCGA § 53-5-1 (a). However, "[a] testator by his will may make provision for his spouse in lieu of year's support, in which case the surviving spouse must make an election." OCGA § 53-5-5.

It is undisputed that the testator's bequest to appellant was made in lieu of year's support and that it was the testator's intent to apply the funds represented by the $10,000 certificate of deposit specified in the will toward the bequest to appellant. However, the evidence did not establish as a matter of law that the $15,000 certificate on deposit with Fulton Federal at the time of the testator's death was intended to satisfy the testamentary gift. Further, there was no evidence that the $10,000 certificate, on deposit at Trust Company Bank at the time of the testator's death, had been created to satisfy the testamentary gift. Thus, a question of fact remains as to whether the funds received by appellant passed to her outside the estate and did not constitute an election to take under the will and if she is therefore entitled to the statutory year's support. See generally *Howard v. Howard*, 150 Ga. App. 213 (3) (257 SE2d 336) (1979); *Wilson v. Brown*, 221 Ga. 273 (2) (144 SE2d 332) (1965).

*Judgment reversed. Carley, P. J., and Judge Arnold Shulman*

*concur.*

Decided January 21, 1992 —
Reconsideration denied February 5, 1992 —

*C. Jerome Adams*, for appellant.
*Hudson & Solomon, James D. Hudson, Keith H. Solomon*, for appellee.