A92A0148. TRUST COMPANY BANK v. THORNTON et al.
(420 SE2d 817)

CARLEY, Presiding Judge.

Dr. Andreas Gruentzig (Husband) and Dr. Margaret Anne Thornton Gruentzig (Wife) died simultaneously in a plane crash. Both died intestate and, at the time of their deaths, they held three joint bank accounts. Appellant-plaintiff, in its capacity as administrator of the husband's estate, brought suit, urging that the wife had no right of survivorship in the joint accounts and that the entire proceeds thereof would, therefore, pass through the husband's estate to his child by a previous marriage. See OCGA § 53-11-3. Appellee-defendants, in their capacities as co-administrators of the wife's estate, answered, urging that the wife had a right of survivorship and that one-half of the proceeds of the accounts would, therefore, pass through her estate to her heirs at law. See OCGA § 53-11-4. After

discovery, appellees moved for summary judgment. The trial court granted appellees' motion and appellant appeals, urging that a genuine issue of material fact remains as to whether the wife had a right of survivorship in the accounts.

1. "Sums remaining on deposit at the death of a party to a joint account belong to the surviving party . . . as against the estate of the decedent, unless there is clear and convincing evidence of a different intention at the time the account is created." OCGA § 7-1-813 (a). Accordingly, it would be presumed that the wife had a right of survivorship as to the accounts, which presumption could be rebutted only by clear and convincing evidence of an intent to the contrary. *Collins v. Collins*, 176 Ga. App. 79 (335 SE2d 307) (1985).

Appellant relies upon the husband's and wife's ante-nuptial agreement as evidencing this contrary intent. The agreement specifically provided that, in the event of annulment, divorce or separation, the accounts "shall remain the separate property" of the husband. This clearly evinces the intent that, even though the accounts were to be held jointly during the marriage, they were nevertheless to be considered as the separate property of the husband should the marriage end during his lifetime. See *Stokes v. Stokes*, 246 Ga. 765 (273 SE2d 169) (1980). It does not, however, evince any intent that, if the marriage should not end during the lifetime of the husband, the joint accounts would not, upon his death, pass directly to the wife pursuant to a right of survivorship therein.

Insofar as dissolution of the marriage by death is concerned, the ante-nuptial agreement provided that the husband and wife mutually waived the right to apply for a year's support and that, in the event of intestacy, the surviving spouse would "take only as much of the estate and property of the deceased spouse as he or she would take under the laws of descent and distribution. . . ." This clearly evinces the intent that, in the event of the husband's death, his estate would not be diminished by a year's support for the wife and that she and his daughter would each take one-half of his undiminished estate. It does *not*, however, evince any intent that the joint accounts were to be included in the husband's estate and would not pass directly to the wife pursuant to a right of survivorship therein.

Accordingly, there is nothing in the ante-nuptial agreement which expressly negates the wife's presumed right of survivorship in the accounts or is otherwise inconsistent therewith. Indeed, after execution of the ante-nuptial agreement, the husband consulted with an attorney concerning the drafting of a will and was informed in writing, on more than one occasion, that the joint accounts would pass outside of his estate and directly to the wife pursuant to her right of survivorship therein. However, the husband did not undertake to effect any changes in the accounts.

". . . OCGA § 7-1-813 (a) allows for rebuttal of the presumption of the intent for a joint-and-survivor account to become the sole property of the surviving joint tenant. The standard of proof is 'clear and convincing evidence' of a contrary intent." *Banks v. Todd*, 184 Ga. App. 681, 684 (362 SE2d 410) (1987). In the instant case, there is no evidence, either "clear and convincing" or otherwise, which would authorize a finding that the husband did not intend for the wife to have a right of survivorship as to the accounts. Accordingly, the trial court correctly granted summary judgment in favor of appellees. *Nowlin v. Parker*, 183 Ga. App. 137 (358 SE2d 258) (1987).

2. For the year in which the deaths occurred, appellant was responsible for filing state and federal income tax returns for the husband and appellees were responsible for filing state and federal income tax returns for the wife. Appellant determined that filing joint rather than individual returns would have beneficial tax consequences for the husband's estate. Appellees agreed to file joint returns on condition that, as the result, the wife's estate would incur no tax liability greater than would be incurred if individual returns were filed for the wife. Despite this condition, appellant nevertheless undertook to file joint returns pursuant to a reservation of the right to make a claim against the wife's estate "for its share of the tax liability."

In the instant case, appellant sought alternatively to recover one-half of the income tax liability incurred on income deposited into the joint accounts by the husband and the interest earned thereon, which income and interest were reported on the joint income tax returns filed for the year in which the deaths occurred. According to appellant, it is equitable for the wife's estate to bear one-half of the income tax liability on the husband's income and the interest earned thereon, if, as we have held in Division 1, her estate is entitled to one-half of the proceeds of the joint accounts. The trial court granted appellees' motion for summary judgment as to this alternative count and appellant enumerates that ruling as error.

Appellees had the option of filing individual income tax returns for the wife, rather than joint income tax returns with the husband. Appellees agreed to file jointly and to assume liability for the resulting income taxes to the same extent that taxes would otherwise be owed by the wife had individual returns been filed. Since appellees assumed liability for the income taxes which would be owed by the wife individually, the *only* beneficial tax consequences of filing the joint returns were those realized by the estate of the husband. By filing the joint returns, the husband's individual income received more favorable tax treatment than would be the case if individual returns had been filed. Under these circumstances, it would not appear to be "equitable" for the estate of the husband to recover under the alternative claim. Having previously secured all of the beneficial in-

come tax consequences for the estate of the husband, appellant now seeks to impose upon the estate of the wife one-half of the tax liability for the husband's income. Appellant has already reaped the tax benefit of jointly-filed returns, but nevertheless seeks the additional benefit of recovering one-half of the taxes imposed on such of the husband's income as would not have been reported on the wife's individual income tax returns.

In any event, appellant's recovery would be barred by the terms of the ante-nuptial agreement, which provided that "[e]ach party shall hold the other party harmless from any and all assessments of any taxes imposed by all local, state and federal governments on his or her individually owned property or income." Under this provision, the husband could not recover from the wife for taxes which had been imposed on his individual income. Appellees agreed that the estate of the wife would be liable for the taxes which would be imposed on her individual income. Accordingly, to the extent that appellant seeks a recovery against the estate of the wife, it seeks to hold the estate of the wife liable for taxes which had been imposed on the husband's individual income. This would be violative of the ante-nuptial agreement that the husband would hold the wife harmless from taxes imposed on his individual income. By its terms, the ante-nuptial agreement is binding on the husband's administrator. It follows that the trial court correctly granted summary judgment in favor of appellees as to appellant's alternative count.

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED JULY 13, 1992.

*King & Spalding, Ralph A. Pitts, Daniel S. Sanders, Jr.,* for appellant.

*Alston & Bird, Jay D. Bennett, Robert P. Riordan, G. Conley Ingram,* for appellees.